**CENTRAL NATIONAL BANK, et al., Plaintiffs,**

**v.**

**James C. KWAK, et al., Marc A. Melamed, as Trustee etc., Defendants.**

**Civ. A. C85–1247A.**

United States District Court, N.D. Ohio, E.D.

May 3, 1985.

**338**

Robert B. Weltman, Weltman, Weinberg & Associates, Cleveland, Ohio, for plaintiffs.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This action concerns the jurisdictional boundaries between the district and bankruptcy courts under the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Amendments"), Pub.L. No. 98–353, 98 Stat. 333, codified at scattered sections of 11 U.S.C. and 28 U.S.C.[1] It also involves this Court's continuing obligation to inquire into its own jurisdiction, *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Fed.R.Civ.P. 12(h)(3), and its power to *sua sponte* dismiss an action where jurisdiction is lacking. *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir.1983). For the reasons set forth below, this action is dismissed.

I.

Central National Bank ("CNB"), Richard N. Ganger and William M. Ganger filed a "Creditor's Bill" on April 29, 1985 against James C. Kwak and Marc A. Melamed, the trustee in bankruptcy in *In re Northern Ohio Medical Laboratories, Inc.*, No. B79–1749 (Bankr.N.D.Ohio filed Aug. 31, 1979) (O'Neill, J.). Plaintiffs proclaim that

> ... Jurisdiction over this case was transferred to this District Court on July 10, 1984 pursuant to 28 U.S.C. Section 115(a)(1) upon the enactment of the Bankruptcy Amendment and Federal Judgeship Act of 1984. Jurisdiction over this matter rests with the District Court and not the Bankruptcy Court, inasmuch as this matter is a noncore proceeding as defined in 28 U.S.C., Section 157. Plaintiffs herein do not seek to impose their position upon the actual bankruptcy proceeding, but merely seek an order specifying that if the bankruptcy court rules that James C. Kwak has a valid claim against the Estate of Northern Ohio Medical Laboratories, Inc. that the proceeds of that claim are to be paid to the Plaintiffs.

The "Creditor's Bill" states that Kwak has failed to pay three state court judgments—an April 30, 1984 judgment in favor of Richard Ganger in the amount of

---

1. *See In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984). For an excellent history of the Amendments and the process leading to their enactment, *see* Countryman, *Scrambling to Define Bankruptcy Jurisdiction: The Chief Justice, The Judicial Conference, and the Legislative Process*, 22 Harv.J. on Legis. 1 (1985).

$19,609, plus costs and interest; a December 26, 1983 judgment in favor of CNB in the amount of $660.23, plus costs and interest; and a May 3, 1984 judgment in favor of Richard Ganger in the amount of $4,503, plus costs and interest.[2] Kwak holds a proof of claim in the amount of $13,500 against the bankrupt Northern Ohio Medical Laboratories, Inc. Plaintiffs seek an order forbidding the trustee from paying to Kwak any proceeds from his proof of claim, and directing Melamed to pay those funds to them instead.

## II.

■ In filing this action in the district court, plaintiffs misread the jurisdictional provisions of the Amendments. The statute refutes their assertion that "[j]urisdiction over this case was transferred to this District Court on July 10, 1984 pursuant to 28 U.S.C. Section 115(a)(1) upon the enactment of the Bankruptcy amendment and Federal Judgeship Act of 1984." Section 115(a)(1) of the Amendments, which has not been codified,[3] states:

(a) On the date of the enactment of this Act the appropriate district courts of the United States shall have jurisdiction of—

(1) cases, and matters and proceedings in cases, under the Bankruptcy Act that are pending immediately before such date in the bankruptcy courts continued by section 404(a) of the Act of November 6, 1978 (Public Law 95–598; 92 Stat. 2687) . . .

Section 115(a)(1), however, merely serves to implement the district court's ultimate jurisdiction over bankruptcy matters under 28 U.S.C. § 1334, which provides in part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The Amendments go on to explicitly provide for referral of bankruptcy matters to the bankruptcy court. Title 28 U.S.C. § 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

■ Pursuant to § 157(a), the judges of this Court issued General Order No. 84 (N.D.Ohio July 16, 1984), which states:

The President has signed into law the Bankruptcy Amendments and Federal Judgeship Act of 1984. Section 157(a), Chapter 6 of Title 28, United States Code, provides that "any and all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the Bankruptcy Judges for the District".

Accordingly, until further order of the Court, and notwithstanding questions of constitutionality of the appointment of Bankruptcy Judges and the payment of their salaries pursuant to the Act,

IT IS ORDERED that all such cases and proceedings now pending in the

---

**2.** Presumably, one of these judgments belongs, in whole or in part, to William Ganger rather than Richard Ganger.

**3.** Title 28 U.S.C. § 115(a)(1) concerns this case only in the most tenuous fashion and provides:

Ohio is divided into two judicial districts to be known as the Northern and Southern Districts of Ohio.

Northern District

(a) The Northern District comprises two divisions.

(1) The Eastern Division comprises the counties of Ashland, Ashtabula, Carroll, Columbiana, Crawford, Cuyahoga, Geauga, Holmes, Lake, Lorain, Mahoning, Medina, Portage, Richland, Stark, Summit, Trumbull, Tuscarawas, and Wayne. Court for the Eastern Division shall be held at Cleveland, Youngstown and Akron.

Bankruptcy Court or hereinafter filed are so referred to the Bankruptcy Judges pursuant to Section 157(a) of the Act, *supra;* and that the Bankruptcy Judges for this District are directed to accept the jurisdiction conferred upon them by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and to function thereunder.

Accordingly, the Northern Ohio Medical Laboratories bankruptcy, Case No. B79–1749, was referred to the bankruptcy court and is properly pending before Bankruptcy Judge O'Neill. Notwithstanding plaintiffs' claim that they do not ask the district court to impose their position upon the bankruptcy proceedings, such intervention is precisely what they seek. It would violate the Amendments and General Order No. 84 for this Court to claim jurisdiction to intrude on an ongoing bankruptcy in this manner.

■ Plaintiffs' jurisdictional statement can be treated in the alternative as a claim that their claim against Kwak and Melamed "is a noncore proceeding as defined in 28 U.S.C., Section 157" which the bankruptcy court cannot hear. This Court need not reach the question of whether their action is a core or non-core proceeding under § 157(b)(2)(B), however, because assuming *arguendo* that it is a non-core proceeding, it has not been properly placed before this Court.

Section 157(b) provides in part:

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

\*      \*      \*      \*      \*      \*

(3) The bankruptcy judge shall determine, on the judge's own motion or timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11....

Section 157 contains no provision for the initial filing of allegedly non-core proceedings such as the plaintiffs' in the district court. Section 157(b)(5) provides for district court jurisdiction over products liability matters. *See Citibank, N.A. v. White Motor Corp. (In re White Motor Credit [Corp.]),* 761 F.2d 270, (6th Cir.1985). And § 157(d) provides the district court with authority to withdraw the reference of a bankruptcy matter "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *See In re White Motor Corp.,* 42 B.R. 693, 697–706 (N.D.Ohio 1984). Since neither provision covers the plaintiffs' "Creditor's Bill," any claim that this is a non-core proceeding over which the bankruptcy court lacks jurisdiction must be made initially before that court, under § 157(b)(3).

This action is dismissed, without prejudice.

IT IS SO ORDERED.