**In re OCEANQUEST FEEDER SERVICE, INC., Debtor.**

**In re NORFOLK, BALTIMORE & CAROLINA LINE, INCORPORATED, Debtor.**

**Bankruptcy Nos. 5–85–00746, 5–85–00747.**

United States Bankruptcy Court, D. Connecticut.

Jan. 22, 1986.

Mark I. Fishman, Alexander Rostocki, Bridgeport, Conn., for debtors.

Maximino Medina, Zeldes, Needle & Cooper, P.C., Bridgeport, Conn., Benjamin C. Ackerly, Hunton & Williams, Richmond, Va., J. Waverly Pulley, III, Hunton & Williams, Norfolk, Va., for United Virginia Bank.

Giles Payne, Payne, Morehouse, Shafer & Harlow, Fairfield, Conn., Michael P. Cotter, James S. Mathews, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Leigh Hogshire.

Douglass A. Strauss, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for Henderson & Phillips, Inc.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

On November 8, 1985, Oceanquest Feeder Service, Inc. and its wholly owned subsidiary, Norfolk, Baltimore & Carolina Line, Incorporated, filed separate Chapter 11 petitions in this Court [1] for relief under the Bankruptcy Reform Act of 1978, as amended. On November 14, 1985, Leigh G. Hogshire, a creditor, filed a motion under 28 U.S.C. § 1412,[2] to transfer these cases to the Bankruptcy Court for the Eastern District of Virginia at Norfolk. On November 22, 1985, United Virginia Bank, a creditor, filed a motion under 28 U.S.C. §§ 1408 [3] and 1412 to dismiss these cases

---

**1.** The above cases were filed in this court pursuant to 28 U.S.C. § 157(a), under which a district court may refer cases under title 11 to the bankruptcy judges for the district, and the September 21, 1984 general order of reference by the District Court of this district. *See* note 6, *infra,* for text of § 157(a).

**2.** 28 U.S.C. § 1412. Change of Venue.
 A district court may transfer a case or proceeding under title 11 to a district court for

another district, in the interest of justice or for the convenience of the parties.

**3.** 28 U.S.C. § 1408. Venue of cases under title 11.
 Except as provided in section 1410 [not applicable here], a case under title 11 may be commenced in the district court for the district—
 (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the

for improper venue or in the alternative for a change of venue to the Bankruptcy Court for the Eastern District of Virginia. On December 10, 1985, the date of the hearing on those motions, Henderson & Phillips, Incorporated, a creditor, filed a similar motion to the UVB motion to dismiss the cases or change venue.

1.

Before this Court may consider the instant motions, it must be determined that these motions are properly before the Court. *See Central National Bank v. Kwak*, 13 B.C.D. 142, 49 B.R. 337 (N.D. Ohio 1985) (court's continuing obligation to inquire into its own jurisdiction), *citing, City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

Motions to dismiss bankruptcy cases were routinely brought to the bankruptcy court prior to the 1984 Amendments to Title 28 U.S.C.,[4] and nothing in the new law changes the authority of bankruptcy judges to hear those matters now. *See* 28

U.S.C. §§ 151 and 157. A strict reading of 28 U.S.C. § 1412, however, supports the contention that this Court lacks jurisdiction to hear motions to change venue because that section "taken either alone or in the context of the 1984 Amendments generally, confers a change of venue power solely upon the district court."[5]

■ The initial question then is, notwithstanding the literal language of § 1412, whether a district court may, under 28 U.S.C. § 157,[6] refer a motion for a change of venue to a bankruptcy judge or does § 1412 prevent a bankruptcy judge from even hearing that motion. The resolution of that question centers on the meaning of the word "proceeding" in § 157(a). If "proceeding" includes a motion to transfer venue, then, for the reasons that follow, although § 1412 limits authority to change venue to the district court, § 157(a) expands the scope of § 1412 to permit a district judge to refer that matter to a bank-

person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

4. Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, July 10, 1984.

5. R. Lieb and J. Lewittes, *Correspondence: Some Thoughts on Jurisdiction and Venue*, Norton Bankruptcy Law Adviser, No. 11 at 8 (November 1985).

6. 28 U.S.C. § 157 provides in pertinent part: Procedures.
(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

. . . . .

(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

. . . . .

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order of judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

. . . . .

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

718

ruptcy judge for at least a hearing on that subject.

The argument that a motion to change venue is merely a procedural step in a proceeding[7] and therefore not included within the meaning of "proceeding" in § 157(a) is unpersuasive. A hearing on a motion for change of venue of a bankruptcy case involves fundamental bankruptcy issues, including, in Chapter 11 cases, a determination of whether a requested transfer would promote the economic and efficient administration of the estate. *See Matter of Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1247 (5th Cir. 1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).

I conclude that a motion to change venue is a "proceeding" within the meaning of § 157(a). The primary intent of the 1984 Amendments was to correct the constitutional defect in the broad grant of jurisdiction to the bankruptcy court under the Bankruptcy Reform act of 1978, P.L. 95–598, § 241(a) (1978), in response to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Under the statutory design of the 1984 Amendments, the district court was granted ultimate jurisdiction over bankruptcy matters, 28 U.S.C. § 1334, *Central National Bank v. Kwak, supra,* 13 B.C.D. at 143, 49 B.R. 337, but at the same time Congress recognized both the administrative difficulty of the district courts assuming the existing bankruptcy case load and the reservoir of expertise and experience of bankruptcy judges.[8]

As a result, Congress gave the district court authority to refer any or all bankruptcy matters to bankruptcy judges, § 157(a), who, as judicial officers of the

district court, § 151, were, *inter alia,* authorized under § 157(b) to hear and determine all core proceedings arising under title 11, or arising in a case under title 11, and to enter appropriate orders subject to review under § 158. Thus, where as here, the District Court has, by its general order of reference, referred all bankruptcy matters to the bankruptcy judges for this District, I am authorized to at least hear the motions to change venue. *See Central National Bank v. Kwak, supra,* 13 B.C.D. at 143, 49 B.R. 337 ("It would violate the Amendments and General Order No. 84 [general order of reference of bankruptcy matters to bankruptcy judges] for this court to claim jurisdiction to intrude on an ongoing bankruptcy ..."); *Norton Bankruptcy Law Adviser,* note 5, *supra* at 8, citing, *Moody v. Empire Life Insurance Company,* 46 B.R. 231 (M.D.N.C.1985). *See also, In re Leonard,* 13 B.C.D. 1003, 1004, 55 B.R. 106 (Bankr.D.D.C.1985); *Frazier v. Lawyers Title Insurance Corporation (In re Butcher* ), 46 B.R. 109 (Bankr. N.D.Ga.1985) (transfer of proceeding).

2.

An analysis of whether I may also enter an order transferring these cases first requires a determination of whether the motions to dismiss or to change venue are core proceedings, § 157(b)(3). If they are not, § 157(c)(1) mandates the submission of proposed findings of fact and conclusions of law to the District Court.

■ As earlier noted, a motion to dismiss is a routine matter commonly brought in bankruptcy court. It is clearly within the § 157(b)(2) definition of a core proceeding, and a bankruptcy judge may enter an appropriate order thereon under § 157(b)(1).

■ I further conclude that a motion to change venue is also a core proceeding, as

7. *See* Norton Bankruptcy Law Advisor, note 5, *supra,* at 10.

8. *Compare* Emergency Resolution For Administration of Bankruptcy System adopted by the United States District Court for the District of Connecticut, effective December 25, 1982 which provided in pertinent part:

The Judges of the District Court find that exceptional circumstances exist. These circumstances include: ... (2) the clear intent of Congress to refer bankruptcy matters to Bankruptcy judges; (3) the specialized expertise necessary to the determination of bankruptcy matters; and (4) the administrative difficulty of the District Courts' assuming the existing bankruptcy caseload on short notice.

it is undoubtedly a matter "concerning the administration of the estate," § 157(b)(2)(A), as well as a "proceeding affecting the liquidation of the assets of the estate ...", § 157(b)(2)(*O*). *In re Leonard, supra,* 13 B.C.D. at 1004, 55 B.R. 106. *See also* Norton Bankruptcy Law Advisor, note 5, *supra,* at 8. The question then is whether a bankruptcy ·judge may, under § 157(b)(1) enter an appropriate order on a motion to change venue:

Even though a motion to change venue fits within the § 157(b)(2) definition of a core proceeding, it is arguable that Congress did not intend to permit a bankruptcy judge to transfer a case referred by the district court. As Norton observes:

Jurisdiction of the case and proceeding are vested solely in the District Court under the 1984 amendment of 28 U.S.C. § 1334. By reference this jurisdiction is, in effect, lent under § 157 to the Bankruptcy Judges. This fact and the specific language of § 1412 combine to make it likely that an order for transfer of a case or proceeding to another district entered after July 10, 1984 should be entered by a District Judge.

3 *Norton Bankruptcy Law And Practice,* ¶ 67.02 at 108 (1981, 1985 Ann.Cum.Supp.).

A consideration of whether a bankruptcy judge has the authority to change venue, however, requires that 28 U.S.C. § 151 be read with 28 U.S.C. §§ 1334, 157 and 1412. Section 151 provides:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter[9] with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

It appears then that Congress intended to grant the district courts the power to refer any or all bankruptcy matters to bankruptcy judges so that they may enter appropriate orders in core proceedings, and submit proposed findings of fact and conclusions of law in non-core matters, unless the reference was withdrawn under § 157(d).

It would limit the scope and frustrate the purpose of §§ 151 and 157 to conclude that a bankruptcy judge may not enter an appropriate order on a motion to change venue because § 151 only authorizes the exercise of that authority if other law does not limit it, and a literal reading of § 1412 compels that result. Section 1412 must therefore be read to give effect to the congressional intent to permit district courts to avoid the additional burden of hearing and deciding traditional bankruptcy matters and to utilize them instead as appellate tribunals for those core matters. Accordingly, having decided that a motion to change venue is a core proceeding, for the same policy reasons that permit a bankruptcy judge to hear those motions, I conclude that I may enter an appropriate order. *See In re Leonard, supra,* 13 B.C.D. at 1004, 55 B.R. 106.

3.

The parties, however, have requested that I submit proposed findings of fact and conclusions of law to the District Court. I must decline that request.

The District Court referred these cases to me to exercise the authority provided under.§ 157. As noted, I have decided that the instant motions are core proceedings. If I am in error, the District Court will correct that error in its ruling on any appeal taken under § 158. Otherwise, it is intended by § 157(b)(1) and the District Court's general order of reference that I enter an appropriate order.[10] Surely the

---

**9.** Title 28 U.S.C. Chapter 6 as amended by the 1984 Amendments consists of §§ 151–158.

**10.** The provision for submissions of proposed findings of fact and conclusions of law and the

entry of final orders by the district court only applies to proceedings that are not core proceedings but are otherwise related to a case under title 11. § 157(c)(1).

District Court didn't refer cases to me with the expectation that I would decline to decide these matters and refer them back to that Court for an appropriate order.

 While I recognize that § 157(b)(1) states that I "may" enter appropriate orders on core proceedings, it would be short sighted to read that language without a reference to § 157(d). The intent of § 157 was to have bankruptcy judges enter dispositive orders on referred core matters unless the reference of those matters was withdrawn by the district court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Section 157 does not provide and the District Court's general order of reference does not contemplate that a bankruptcy judge may modify the reference of a core proceeding. Moreover, the request that I submit findings and conclusions to the District Court would have the effect of intruding upon the District Court's exclusive right to withdraw or to decline to withdraw any case or proceeding referred here.

Therefore, although I must decline to honor that request, I will allow the parties an opportunity to file a motion with the District Court for this District for the withdrawal of the reference of the instant motions. It is accordingly ordered that any party to these motions may file with the District Court for this District, with a copy thereof to be filed in this Court, a motion for the withdrawal of the reference of these motions within ten days of the date of this order. If such a copy is not timely filed in this Court, I will enter an appropriate order on these motions.