In the Matter of Stephen Hennington
WHILDEN, Debtor(s).

Harold W. BURLINGAME, Plaintiff,

v.

Stephen Hennington
WHILDEN, Defendant.

Bankruptcy No. 86–853.
Adv. No. 86–303.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 3, 1986.

John G. Ghostbear, Tulsa, Okl., Daniel J. Herman, Largo, Fla., for plaintiff.

Michael A. Tewell, Tampa, Fla., for defendant.

**ORDER ON MOTION TO TRANSFER ADVERSARY PROCEEDING AND ON MOTION OF WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING AND CONSOLIDATION OF CASES CONTINGENT UPON TRANSFER OF ADVERSARY PROCEEDING**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are two motions, filed by Harold W. Burlingame (Burlin-

game), the Plaintiff in the above-captioned adversary proceeding, filed against Stephen Hennington Whilden (Debtor). Burlingame seeks an order from this Court to transfer this adversary proceeding to Oklahoma, and in the alternative, if his Motion's granted, seeks a withdrawal of the reference and a consolidation of this adversary proceeding with other civil suits now pending in Oklahoma. The Court has heard argument of counsel, considered the record, and is of the opinion that the Motion to Transfer Venue is without merit and should be denied for the following reasons:

■ The initial inquiry must, of course, be addressed to the power of this Court to transfer a venue of an adversary proceeding in light of 28 U.S.C. § 1412, which facially reserves the power to transfer a case or a proceeding to the District Court. This change in the law was brought about by the Bankruptcy Amendments and Federal Judgship Act of 1984, Pub.L. No. 98–353 (BAFJA). Prior to the adoption of this amendment, the transfer of venue of cases and proceedings were governed by 28 U.S.C. § 1475 (1982), which provided as follows:

> A *bankruptcy court* may transfer a case under Title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties. [emphasis added]

Thus at first blush it appears that a strict literal reading of 28 U.S.C. § 1412 supports the contention that this Court lacks the power to hear motions to change venue of a proceeding because that section either taken alone or in the context of BAFJA generally confers the power to change venue to the District Court.

Notwithstanding the literal language of 28 U.S.C. § 1412, however, the question still remains whether an order of general unlimited reference pursuant to 28 U.S.C. § 157 includes a Motion to Transfer Venue. The resolution of that question centers on the meaning of the word "proceeding" in 28 U.S.C. § 157(a). If the term "proceeding" includes a Motion to Transfer Venue,

then although 28 U.S.C. § 1412 seemingly reserves the right to change venue to the District Court by virtue of 28 U.S.C. § 157(a), the bankruptcy judge if there is a general reference may hear and dispose of a Motion to Change Venue.

Courts have disagreed whether bankruptcy courts retain power to transfer venue of cases and adversary proceedings after BAFJA. *See, e.g., In re Greiner,* 45 B.R. 715 (Bankr.D.N.D.1985) (only District court may transfer an improperly venued case; bankruptcy court's only option is to dismiss); *In re Moody,* 46 B.R. 231 (MD.N.C.1985); *In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986) (motion to change venue of an adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), therefore, final determination may be made by the bankruptcy court); *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715 (Bankr.D.Conn.1986) (motion to change venue in bankruptcy case is a "proceeding" within meaning of 28 U.S.C. § 157(a) which provides that District court may refer to bankruptcy judges any or all cases or all proceedings arising in, arising under, and related to a Title 11); *In re Leonard,* 55 B.R. 106 (Bankr.D.D.C.1985) (bankruptcy court may enter a final order transferring venue).

The prevailing intent of BAFJA was primarily to correct the constitutional defect in the broad grant of jurisdiction to the bankruptcy court under the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 241(a) (1978), found by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Under BAFJA, the District Court was granted original and exclusive jurisdiction of bankruptcy cases and original but not exclusive jurisdiction of civil proceedings arising in, arising under, or related to a case under Title 11. *See* 28 U.S.C. § 1334; *see also Central National Bank v. Kwak,* 49 B.R. 337 (N.D.Ohio 1985), but Congress gave the District Court authority to refer any and all bankruptcy cases and proceedings "to the bankruptcy court." 28 U.S.C. § 157(a).

Thus, where as here, the District Court has, by its general order of reference, referred all bankruptcy cases and proceedings to the bankruptcy judges for the Middle District of Florida, this Court is authorized to hear the Motion to Change Venue.

There's hardly any doubt that a Motion to Change Venue is a "core" proceeding as it is undoubtedly a matter "concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A). Additionally, a Motion to Change Venue of a "core" adversary proceeding can be determined by the bankruptcy court without violating the holding of *Marathon, supra*. It clearly would limit the scope and frustrate the clearly stated Congressional design set forth in 28 U.S.C. §§ 151 and 157 if one were to conclude that a bankruptcy judge lacks the power to entertain Motion to Transfer or Change the Venue of a proceeding. Therefore, 28 U.S.C. § 1412 must be interpreted to give some full recognition to the congressional intent which has to permit the District courts to avoid the additional burden of hearing and deciding matters arising in a bankruptcy case, and Congress basically intended that the District court at least in the core matter will be involved only as an appellate tribunal.

The instant adversary proceeding concerns an objection to discharge under 11 U.S.C. § 523 and is a "core" proceeding. Thus, the Motion for Change of Venue of this adversary proceeding is appropriately before this Court for a final disposition. *See In re Leonard, supra*, 55 B.R. at 109; *In re Oceanquest Feeder Service, Inc., supra*, 56 B.R. at 718. After careful consideration, this Court is satisfied that a Motion to Change Venue is a "proceeding" within the meaning of 28 U.S.C. § 157(a). The next issue to be considered is whether or not the Motion to change Venue should be granted by this Court.

■ Transfer of venue is discretionary and the moving party has the burden to establish by a preponderance of the evidence before it can prevail. *In re Thomasson, supra*, 60 B.R. at 632; *In re Butcher*, 46 B.R. 109 (Bankr.N.D.Ga.1985); *In re*

*Legend Industries, Inc.*, 49 B.R. 935 (Bankr.E.D.N.Y.1985). In balancing the relative conveniences or hardships of the parties, courts have examined several factors which include:

(1) the proximity of creditors to the court;

(2) the proximity of the debtor to the court;

(3) the proximity of necessary witnesses;

(4) the location of assets;

(5) the economic administration of the estate;

(6) relative advantages and obstacles to a fair trial;

(7) economic harm to a debtor; and

(8) inability of a party to defend in the new forum.

*See In re Thomasson, supra*, 60 B.R. at 632; *In re Butcher, supra*, 46 B.R. at 112; *In re D'Andrea*, 7 B.R. 695 (Bankr.D.Nev. 1980).

■ In the instant matter under consideration concededly a large number of witnesses to be produced by Burlingame reside in Oklahoma; however, if the adversary proceeding is transferred and is tried in Oklahoma, the Debtor would not be able to defend the suit simply because the Debtor is completely without any funds to incur a substantial expense of litigation. In fact, a default by the Debtor would be the most probable result of such a transfer. The economic administration of the estate would also be best served by retaining the adversary proceeding in this Court. Considering the prejudice to the Debtor which would undoubtedly result from such a transfer and in the interest of justice, Burlingame's Motion to Transfer Adversary Proceeding should be denied. The Motion of Withdrawal of Reference of Adversary Proceeding and Consolidation of Cases was contingent upon the transfer of the adversary proceeding, therefore, the motion should be denied as moot.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Transfer Adver-

sary Proceeding be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion of Withdrawal of Reference of Adversary Proceeding and Consolidation of Cases Contingent Upon Transfer of Adversary Proceeding be, and the same is hereby, denied as moot.