**In re Sherri SPILLANE, Debtor.**

**Bankruptcy No. 850095.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 7, 1986.

Andrew F. Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

Martin Malinou, Providence, R.I., for debtor.

L. Dene Langford, Fallbrook, Cal., for Ethel M. Holl.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

■ Heard on the debtor's objection to the motion of Ethel Holl to vacate an order disallowing her claim. Holl's claim was filed on April 25, 1985 and was objected to by the debtor more than one year later, on May 15, 1986. No response to the debtor's objection having been filed within 10 days, an order was entered on July 2, 1986, pursuant to Local Rule 10(d), disallowing the claim. The claimant and her attorney both reside in California, where the transaction involving Holl's claim took place. The claim, in the amount of $4,000 plus interest, is grounded on a promissory note, signed by the debtor in July 1983, in Fallbrook, California. To secure the note, Spillane granted Holl a security interest in her 1976

Chevrolet Corvette, and executed documents with the California Department of Motor Vehicles, naming Holl as the legal owner in the ownership documents. Holl's claim was filed thirty-seven days after notice of the § 341 meeting was mailed from the Clerk's Office (using information supplied by the debtor in her petition). The debtor did not object to the claim until more than one year later. When the objection finally was filed and Holl's counsel, unfamiliar with Local Rule 10, failed to respond timely, the claim was disallowed. The Court is convinced, based upon the record and the facts not in dispute, that it is in the interest of justice to grant the motion to vacate our order disallowing the claim. *See* Local Rule 10(d)(3). *See also, In re Carr*, 66 B.R. 429 (Bankr.D.R.I.1986).

■ Additionally, and probably in response to comments by the Court, Holl has also requested that the case be transferred to California. On August 12, 1986 we held a telephone conference at which the trustee and the attorneys for the debtor and Holl participated. During that conference call, the Court independently raised questions as to venue, and asked why the case had been filed in Rhode Island. Counsel for the debtor [1] stated that the petition was filed here because the debtor could obtain legal representation without fee in Rhode Island, but was without funds to pay counsel in any other jurisdiction. The parties were given thirty days to file memoranda on the issue of venue.

During the continuance period, the trustee reconvened the § 341 meeting, and at that hearing, Ms. Spillane reportedly testified that since January 1985, she has lived continuously in California, and during 1986 spent almost no time in Rhode Island, except to attend the § 341 meeting. When Spillane's petition was filed here on February 21, 1985, all of her major assets (since foreclosed on by the secured creditor) were in California, as was her automobile, which still is in California. She also testified that

1. Martin Malinou, Esq., debtor's counsel, is Ms. Spillane's brother.

she plans to file adversary proceedings against other individuals or corporations, and that none of them are located in Rhode Island.[2] *See* Trustee's letter of September 16, 1986.

The debtor's schedules contained over thirty creditors, mostly in California, but listed others in New York, Ohio, Nevada and elsewhere. No Rhode Island creditors were scheduled, and during the pendency of the case only one, the Internal Revenue Service, through its Providence office, has filed a claim.[3] The substantive issues of law which the debtor proposes to raise in opposition to Holl's claim involve California law. This debtor appears to have no contacts with Rhode Island, except the presence of her counsel who represents her *pro bono*. Although we are not unmindful of such economic considerations, they provide no basis for venue in this Court. In the circumstances, this case should be administered in the Southern District of California. Therefore, the case is transferred to the Rhode Island District Court, with our recommendation that the reference to this Court be withdrawn, and that the case be transferred to the District Court for the Southern District of California, in the interest of justice and for the convenience of the parties. *See* 28 U.S.C. § 1412. *See also Moody v. Empire Life Insurance Co. (In re Moody)*, 46 B.R. 231, 12 C.B.C.2d 479 (M.D.N.C.1985).

---

2. Only one potential defendant, the Columbia Broadcasting System, would probably be subject to jurisdiction in Rhode Island, or any other state, for that matter.

3. The IRS tax claim appears to represent taxes owed on income earned in California for the years 1981 and 1982.