**In re Peter D'ANGONA, Debtor.**

**Bankruptcy No. 8600721.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 13, 1987.

Joel Grafstein, East Hartford, Conn., for debtor.

Thomas W. Fahey, Windsor Locks, Conn., for St. Mary's Windsor Locks Federal Credit Union.

Ronald E. Cassidento, West Hartford, Conn., for Robert Marotto.

## DECISION AND ORDER
## CHANGING VENUE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on debtor's objection to the motion of Robert Marotto, a creditor, for a change of venue and transfer of this case to the United States Bankruptcy Court for the District of Connecticut at Hartford. The motion, which is supported by a secured creditor, St. Mary's Windsor Locks Parish Federal Credit Union, is granted, for the reasons discussed below.

■ The debtor's petition was filed at Providence, Rhode Island on October 22,

1986, and states that he has "had his domicile within this district [Rhode Island] for the preceding 180 days." He argues that he has satisfied the venue requirements of 28 U.S.C. § 1408 because he has "resided at 8 Richmond Drive, Westerly, Rhode Island, for a period of time of at least one hundred and eighty days." *See* Debtor's Objection at 1–2. The creditors dispute even this factual allegation, and assert that the Westerly address is summer rental property occupied by tenants, that the debtor resides in Glastonbury, Connecticut, and that the case was filed in Rhode Island to avoid embarrassment to a high state official[1] filing bankruptcy just prior to the state elections. While denying the other allegations, debtor's counsel concedes that it would have been politically embarrassing for him to file for bankruptcy in Connecticut, shortly before election time. We have been furnished no authority to indicate that (embarrassment) to be either a reason for, or justification for filing "elsewhere." On the facts as presented, together with information supplied by counsel, it appears that the debtor has not resided in Rhode Island as alleged in his petition, and we conclude, as a matter of law, that embarrassment (political or other) is not a sufficient ground for filing "out of town."

The debtor listed thirty-three creditors in his petition, and thirty of them are located in Connecticut. The secured debt totals $197,019.07, with real estate in Windsor Locks, Connecticut, as collateral. Debtor claims a $4075 exemption under 11 U.S.C. § 522(d)(1) and (5) in the Connecticut property. No Rhode Island creditors are listed in the petition.

■ Venue is governed by 28 U.S.C. § 1412, which allows the district court to transfer a case to another district "in the interest of justice or for the convenience of the parties." Although § 1412 refers to the district court, the bankruptcy court is a unit of the district court, 28 U.S.C. § 151, to which the district court refers "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. 157(a). A motion for change of venue is a "core proceeding," *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715, 718–19 (Bankr.D.Conn.1986); *In re Leonard,* 55 B.R. 106, 109 (Bankr.D.D.C.1985); under 28 U.S.C. § 157(b)(1), a bankruptcy

---

1. The debtor is the Director of Special Funds, State of Connecticut, Office of the Treasury, Hartford, Connecticut.

court may enter an appropriate order, which includes an order for change of venue. *In re Whilden,* 15 B.C.D. 226 (Bankr. M.D.Fla.1986); *In re Oceanquest Feeder Service, Inc., supra.* In this case the convenience of the parties weighs strongly in favor of a change of venue. The overwhelming majority of creditors, as well as counsel, are in Connecticut, the debtor works in Hartford, and his allegation as to where he lives, appears to be not taken seriously by anybody. Much of the debt is secured by judgment liens on the property in Windsor Locks, some of which is listed as "disputed" by the debtor. Any resolution of the validity of these liens will involve Connecticut law, and will affect Connecticut property.

The principal argument raised by the debtor in opposition to the motion is addressed to judicial economy, since a trustee has already been appointed and has held the § 341 meeting at which (not at all surprisingly) no creditor appeared. Debtor also contends that any complaining creditor could have objected to venue prior to the § 341 meeting, or could have attended the meeting to question the propriety of filing in Rhode Island. Debtor's argument concerning lack of creditor attendance at the § 341 meeting only supports the position of the objectors. This is a case involving a debtor who, on his petition, reports 1985 income of $50,000, and lists debts of nearly a quarter million dollars. The objectors have expressed sufficient interest to satisfy this Court that they have standing, and the debtor has not pointed out any waiver on account of creditors' failure to attend the § 341 meeting. Lack of creditor attendance at the § 341 meeting is consistent with the inconvenience asserted by creditors as the basis for their request for a change of venue.

For all of the above reasons,[2] and for the convenience of the parties, we conclude that the case should be transferred to the Bankruptcy Court for the District of Connecticut.

We have treated this as a core proceeding. If, on appeal, the debtor successfully questions our authority to order a change of venue, then this decision shall constitute proposed findings of fact and conclusions of law, together with our strongest recommendation to the District Court that the Rhode Island reference be withdrawn, and that the case be transferred to the bankruptcy court in Hartford, Connecticut. *See Moody v. Empire Life Insurance Co. (In re Moody),* 46 B.R. 231, 12 C.B.C.2d 479 (M.D.N.C.1985); *In re Sherri Spillane,* 75 B.R. 266 (Bankr.D.R.I.1986).

---

2. This decision constitutes our findings of fact and conclusions of law required by Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.