In re John WAITS, Debtor.

Bankruptcy No. 86 B 20579.

United States Bankruptcy Court, S.D. New York.

March 4, 1987.

Walker, Walker & Kapiloff, P.C. (Edward R. Walker, of counsel), New York City, for Rose Const. Co., Inc.

Jules Teitelbaum, P.C. (Miriam Teitelbaum, of counsel) New York City, for trustee in bankruptcy of W & G. Smyrna, Inc. and Commonwealth Development Corp.

Barr and Faerber, (Joseph Haspel, of counsel) Spring Valley, N.Y., for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Rose Construction Company, Inc. ("Rose") a creditor of this Chapter 11 debtor, has moved pursuant to 28 U.S.C. §§ 1406 and 1412 for an order transferring the venue of this case to the Bankruptcy Court for the Western District of Kentucky. The debtor opposes the motion on the ground that venue is proper pursuant to 28 U.S.C. § 1408(2) because a partnership of which the debtor is a general partner, and a corporation of which the debtor is president, director and sole shareholder have cases pending before this court. The trustee of these two entities opposes the motion on the basis that their business affairs are intertwined with those of the

debtor so that it would be premature to transfer the case until she has had an opportunity to untangle and investigate the incompletely documented business relations and track assets.

## FACTS

1. The debtor, John Waits, filed with this court a voluntary petition for a reorganization under Chapter 11 on December 16, 1986.

2. The petition alleges that venue is proper in the Southern District of New York "based on 28 U.S.C. § 1408(2)".

3. The debtor is a general partner of W & G Smyrna Associates ("Smyrna") and president and sole shareholder of Commonwealth Development Corporation ("Commonwealth") both of which were originally filed as Chapter 11 cases in this court, converted to cases for liquidation under Chapter 7 and are presently pending (variously the "affiliates; or 'affiliated debtors'"). Miriam Teitelbaum has been appointed as the trustee of both affiliates.

4. The debtor lists his address as 309 Neopolitan Way, Naples, Florida 33940. The offices of the affiliates are listed as being at 495 Main Street, Armonk, New York 10504 while the statement of financial affairs of Smyrna states that its books and records are kept by "John W. Waits, P.O. Box 449 Crestwood, Ky 40014".

5. Five of the twenty largest creditors of John Waits are listed with New York addresses. The debtor's total obligations to them amount to some ninety-six million dollars. Ten of the twenty largest creditors have Kentucky addresses. The total of those obligations exceed eight million dollars.

6. The debtor has scheduled approximately three hundred creditors many of whom have Kentucky addresses. Save for the amounts scheduled for the top twenty creditors the amount and nature of the rest of the debtor's debts are unstated in the schedules. The addresses for the rest of the creditors indicate the usual creditor mix of a nationally active debtor.

7. Rose is a creditor of the debtor, having filed its proof of claim for $120,150.88 on February 2, 1987. The debt is based on a Kentucky State court judgment. Rose's address is stated as being in Bardstown, Kentucky.

8. Affiliate Commonwealth has not filed with this court either schedules of assets and liabilities or a statement of financial affairs. On February 9, 1987, following the conversion of its case to one for liquidation under Chapter 7, this court issued an order directing the debtor to file a list of unpaid obligations.

9. John Waits has not filed a schedule of assets or a statement of financial affairs indicating the existence and location of assets or records which would reflect this information. No statement of operations as required under Bankruptcy Rule X–1007 has been filed with this court.

10. The petitions and schedules that have been filed by the debtor or his affiliates do however indicate close relations between them including *inter alia:*

(a) Both affiliates are either owned or controlled by John Waits in that Smyrna is a limited partnership whose general partners are John Waits and W & G Smyrna, Inc., an entity in which John Waits schedules as having at least a 20% interest. John Waits is scheduled by Commonwealth as acting in the capacity of president, director and sole shareholder. It thus appears that the affiliated debtors may be assets of John Waits.

(b) Some of the obligations scheduled by John Waits arise out of guarantees of obligations incurred by Smyrna.

(c) On May 30, 1986 this court entered a consent order pursuant to 11 U.S.C. § 364 and Bankruptcy Rule 4001 allowing Smyrna to utilize cash collateral with respect to liens on its rents (the "cash collateral order") which conditioned the debtors' use of 25% of these rents on the deposit of the remaining 75% above $13,000 be paid to the lienor and a monthly report detailing the expenditure of these sums to be filed with this court. The money remains unaccounted for as none

of these reports has been filed. On July 25, 1986 the cash collateral order was amended to allow the expenditure of $32,000 more of the cash collateral to be used to renovate premises at Smyrna's property as was its obligation as landlord pursuant to a lease it assumed.

## DISCUSSION

■ Rose bottoms its motion on 28 U.S.C. § 1406 and § 1412. Section 1406 is only applicable when venue is improper and is used to avoid the harshness of a dismissal. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). It was admitted by movant at the hearing that venue was properly laid pursuant to 28 U.S.C. § 1408(2) so that the only issue for consideration is whether section 1412 requires a permissive transfer. Section 1412 states:

A district court may transfer a case or a proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

[2] There is a split of authority as to whether the change in section 1412 as enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 from section 1412's predecessor statute 28 U.S.C. § 1475 deprives a bankruptcy court of its jurisdiction to hear a change of venue motion and ordering a transfer to another district. *Compare F/S Airlease II, Inc. A Delaware Corporation v. Aerothrust Corporation (In re F/S Airlease II, Inc. A Delaware Corporation),* 67 B.R. 428, 431 (Bankr.W.D.Pa.1986); *Burlingame v. Whilden (In re Whilden)* 67 B.R. 40, 41–42 (Bankr.M.D.Fla.1986); *McLemore v. Thomasson (In re Thomasson),* 60 B.R. 629, 630–32 (Bankr.M.D.Tenn.1986); *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715 (Bankr.D.Conn.1986); *In re Leonard,* 55 B.R. 106 (Bankr.D.D.C.1985); *In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985) (jurisdiction not questioned), with *In re HME Records, Inc.,* 62 B.R. 611 (Bankr.M.D. Tenn.1986) (on remand, original motion denied for lack of jurisdiction, second motion

made in district court); *Armstrong v. Rainier Financial Services Co. (In re Greiner),* 45 B.R. 715 (Bankr.N.D.1985) *see also, Moody v. Empire Life Insurance Company (In re Moody)* 46 B.R. 231, 234 (M.D.N.C.1985) (the district court in *dicta* assumes change effected by passage of 28 U.S.C. § 1412). This court agrees with the majority's reasoning which treats a motion for a transfer of venue as a core matter, concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(A) which is heard pursuant to the district court's order of reference under 28 U.S.C. § 157(a).

## VENUE

■ The court, in the exercise of its discretion, weighs a number of factors in determining whether or not to grant a motion to transfer venue. The factors are listed in *Commonwealth of Puerto Rico v. Commonwealth Oil Refining Company, Inc. (In re Commonwealth Oil Refining Company, Inc.),* 596 F.2d 1239, 1247 (5th Cir. 1979) *cert. denied.* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.),* 14 B.R. 819, 820 (S.D.N.Y.1981); *In re Boca Development Associates,* 18 B.R. 648, 652 (Bankr.S.D.N.Y.1982); and *General Electric Pension Trust v. BSJ Tower Associates (In re BSJ Tower Associates),* 11 B.R. 449, 450 (Bankr.S.D.N.Y.1981). These factors did not change with the passage of 28 U.S.C. § 1412 although the list gets longer as courts have added other factors as the circumstances of the case have indicated. *F/S Airlease II, Inc. A Delaware Corporation v. Aerothrust Corporation (In re F/S Airlease II, Inc. A Delaware Corporation),* 67 B.R. at 432; *Burlingame v. Whilden (In re Whilden),* 67 B.R. at 42; *In re HME Records, Inc.,* 62 B.R. at 613; *McLemore v. Thomasson (In re Thomasson),* 60 B.R. at 632 (10 factors). These factors may be stated as follows:

(1) The proximity to the court of:

(a) creditors

(b) debtors

(c) assets

(d) witnesses and evidence

(2) The relative economic harm to debtors and creditors caused by a transfer.

(3) The economics of administering the estate.

(4) The effect on parties willingness or ability to participate in the case or in adversary proceedings.

(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

A significant factor to be considered in this case is the intertwined relationships of the affiliated debtors. *In re Bankers Trust*, 403 F.2d 16, 23 (7th Cir.1968); *Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.)*, 14 B.R. at 820.

### BURDEN OF PROOF

■ In order to succeed on a motion to transfer venue the movant must prove by a preponderance of the evidence that a transfer is warranted. *F/S Airlease II, Inc. A Delaware Corporation v. Aerothrust Corporation (In re F/S Airlease II, Inc. A Delaware Corporation)*, 67 B.R. at 432; *Burlingame v. Whilden (In re Whilden)*, 67 B.R. at 42; *In re HME Records, Inc.*, 62 B.R. at 613; *McLemore v. Thomasson (In re Thomasson)*, 60 B.R. at 632. Rose did not present any proof other than such evidence as was contained in the petitions and schedules of the debtor and his affiliates. There was no proof of the amounts of the obligations owed Kentucky creditors other than the ten Kentucky debts scheduled by the debtor and Rose's proof of claim. There is no proof to support Rose's bare allegation that the Kentucky creditors would be unable to participate in the case. Even had there been such proof, this fact alone would not have been determinative. *See e.g. Round One Productions, Inc. v. Greg Page Enterprises, Inc.*, 566 F.Supp. 934, 938 (E.D.N.Y.1982) (transfer pursuant to 28 U.S.C. § 1404(a) denied because movant did not meet burden of proof despite fact that sixty Kentucky residents would be called as witnesses at a trial regarding a Kentucky contract).

■ Indeed, Rose has not carried its burden of proving that Kentucky is the debtor's home. To paraphrase Stephen Foster, the debtor may have had an "Old Kentucky Home" at one time, but he now alleges a domicile in Florida and that he maintains offices in this district. Approximately ninety-six million dollars of debt has been ascribed by the debtor to creditors with New York addresses as opposed to the eight million dollars ascribed to creditors from Kentucky.

The existence of the affiliates upon which the debtor bases venue under 28 U.S.C. § 1408(2) presents the most significant factor, namely, the interwined financial relationships between the debtor and such affiliates. Sec-Section 1408(2) reads:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

\*     \*     \*     \*     \*     \*

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

This court has found a paucity of guidance under section 1408(2), however its predecessor statute, 28 U.S.C. § 1472, is worded identically. The affairs of the debtor and his affiliates and their relationships with each other are strongly linked together. The trustee, as the representative of the creditors of the affiliates (whose number and location are yet to be ascertained) has a right to inquire into possible preferences and fraudulent transfers. These are precisely the kind of circumstances cited in *In re Andover Data Services, Inc.*, 35 B.R. 297 (Bankr.S.D.N.Y.1983) as the rationale for transferring an affiliate of a debtor to the venue where the debtor's Chapter 11 case was pending. The intertwined relationship factor was also the basis for transferring an individual Chapter 7 debtor's case from the Western District of Ken-

tucky to a district where fifty-seven affiliate corporations were in liquidation or reorganization. *In re Ryan*, 38 B.R. 917 (Bankr.N.D.Ill.1984). This factor is an even stronger reason for having the case stay put in this district, when the movant has not carried its burden of proof to disturb the debtor's choice of venue.

## CONCLUSIONS

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This motion to change venue is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The movant has not sustained its buren of proof to support a change of venue. Accordingly, the motion to change venue pursuant to 28 U.S.C. §§ 1406 and 1412 is denied.

SETTLE ORDER in accordance with the foregoing.