**In re 19101 CORPORATION, Debtor.**

**Bankruptcy No. 8700145.**

United States Bankruptcy Court,
D. Rhode Island.

May 12, 1987.

Gerrard F. Kelley, Boston, Mass., Asst. U.S. Trustee.

Mal A. Salvadore, Coffey, McGovern, Noel & Neal, Ltd., Providence, R.I., for Manalis Finance Co.

Robert J. Merlin, Steinberg & Merlin, P.A., Miami Beach, Fla., for Caravan Investments, Inc.

## DECISION AND ORDER CHANGING VENUE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the United States Trustee's motion to change venue and transfer this case to the United States Bankruptcy Court for the Southern District of Florida. The motion is supported by two of the major creditors.[1]

The pertinent facts are as follows:[2] The 19101 Corporation is a Rhode Island corporation which lists, as its sole asset, real property located at 19101 Collins Avenue, North Miami Beach, Florida. Debtor's asserted ownership of this property is based on a quitclaim deed from one Robert D. Fairless dated January 5, 1987, and recorded on February 3, 1987. Ten dollars were paid for whatever interest the debtor acquired in the property, which it now values at $1,800,000. *See* Schedule B–1. The property is encumbered by secured claims totaling $1,369,000. *See* Schedule A–2. This same property was also the principal scheduled asset in a prior Chapter 11 proceeding,[3] *In re Dynasty Beach Resort, Inc.,* BK No. 86–02751–BKC–SMW, but

---

**1.** The debtor's petition and schedules were signed by Z. Hershel Smith as president. Mr. Smith, who is a Rhode Island attorney, also filed the debtor's objection to the motion for a change of venue. It is unclear, however, whether the objection was filed by him as president of, or as attorney for the debtor, and in that regard, we remind Mr. Smith of the First Circuit rule that a corporation cannot appear pro se, but must be represented by counsel. *In re Las*

*Colinas Development Corp.,* 585 F.2d 7, 13 (1st Cir.1978).

**2.** This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

**3.** Mr. Smith was also the attorney for the debtor in the *Dynasty Beach* case.

that case was dismissed, with prejudice, by Bankruptcy Judge Sidney M. Weaver, on November 10, 1986. In dismissing the *Dynasty Beach* petition for lack of good faith, Judge Weaver found, inter alia, that the debtor had no equity in the property, that the petition was filed on the eve of and in order to avoid an imminent foreclosure, that mortgage payments were not being paid currently, and that *Dynasty Beach* could not provide adequate protection or propose a viable plan of reorganization within a reasonable period of time. Subsequent to Judge Weaver's dismissal of the *Dynasty Beach* petition, the property was foreclosed on by Caravan Investment, Inc., a secured creditor, on January 15, 1987, and again, on February 26, 1987, after further litigation, by Manalis Finance Co., another secured creditor.[4] On the heels of all this, the instant Chapter 11 petition and schedules were filed on March 4, 1987. Debtor's schedules list no Rhode Island creditors, nor do they show any assets located in Rhode Island.

Venue for cases filed under the Code is governed by 28 U.S.C. § 1408 which provides in pertinent part

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district. . . .

A motion for a change of venue is governed by 28 U.S.C. § 1412, which allows the district court to transfer a case to another district "in the interest of justice or for the convenience of the parties." Although § 1412 refers to the district court, that section is applicable because the bankruptcy court is a unit of the district court, 28 U.S.C. § 151, to which the district court refers "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). On July 18, 1984, the United States District Court for the District of Rhode Island entered its order referring all cases and civil proceedings under title 11 to this Court. We have previously held that a motion for a change of venue is a "core proceeding" in which this Court may enter orders under 28 U.S.C. § 157(b). *In re Peter D'Angona,* 74 B.R. 577 (Bankr.D.R.I.1987). *See also In re Waits,* 70 B.R. 591, 15 B.C.D. 730, 733 (Bankr.S.D.N.Y.1987); *In re Whilden,* 67 B.R. 40, 15 B.C.D. 226 (Bankr.M.D. Fla.1986); *In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986); *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715 (Bankr.D. Conn.1986); *In re Leonard,* 55 B.R. 106 (Bankr.D.D.C.1985).

The decision on a motion for change of venue is within the sound discretion of the court. *In re Kona Joint Venture I, Ltd.,* 62 B.R. 169, 172 (Bankr.D. Haw.1986). In making that decision courts look to a variety of factors, including: (1) proximity of creditors to the court; (2) proximity of the debtor to the court; (3) proximity of necessary witnesses; (4) location of assets; (5) economical administration of the estate; (6) relative ease of access to sources of proof. *In re Ginco, Inc.,* 70 B.R. 2, 3 (Bankr.D.N.M.1986); *In re Kona Joint Venture I, Ltd., supra; In re HME Records, Inc.,* 62 B.R. 611, 613 (Bankr.M.D.Tenn.1986); *In re Thomasson, supra,* at 632. *Cf. In re Gallucci,* 63 B.R. 93, 95 (Bankr.D.R.I.1986). Often, the location of the principal asset of the debtor so affects the other factors that the location of the debtor's principal asset becomes the

---

**4.** Two creditors obtained state court foreclosure judgments against Dynasty Beach Resort, Inc. Caravan's judgment is dated November 13, 1986, and that of Manalis on January 29, 1987. Both creditors support the motion to change venue.

primary influence on the court. *Compare In re Pickwick Place Limited Partnership*, 63 B.R. 290, 292 (Bankr.N.D.Ill.1986) (principal asset outside district; change of venue granted) *with In re Kona Joint Venture I, Ltd., supra,* at 172 (principal asset in district; change of venue denied); *In re HME Records, Inc., supra,* at 614 (same; recommendation to district court to deny change of venue).

■ The only asset (allegedly) owned by the debtor is real property located in Florida. Among the issues raised by creditors are: what interest, if any, the debtor acquired in this property by the quitclaim deed of January 5, 1987; whether the debtor has any equity of redemption under Florida law; and whether any equity of redemption has since been extinguished under the applicable Florida statutes. All these questions about the ownership of the property involve Florida law, and will require testimony of witnesses located outside Rhode Island. It would make no sense to require counsel, witnesses and interested parties to travel to Rhode Island for hearings and/or other proceedings. The only connection this case has with Rhode Island is that Mr. Smith lives here. Every relevant consideration strongly favors venue in the Southern District of Florida. Debtor's objection to the motion for change of venue avoids these considerations, and argues, not persuasively, that as a Rhode Island corporation it can pursue its plan of reorganization here, because debtor's "plan of reorganization should pay off all of the current secured debt within a reasonable period of time and therefore the creditors should not be heard to complain about the venue of the action in this Court." *See* Debtor's Objection to Motions for Change of Venue. Even if these representations had substance, they are not relevant to the question before us.

For all of the foregoing reasons, we conclude, without difficulty, that in the interest of justice and for the convenience of the parties, the United States Trustee's motion for change of venue is granted, and that this case should be transferred to the Bankruptcy Court for the Southern District of Florida. Also, in the interest of judicial economy, and to whatever extent it may be persuasive, it is our recommendation that the case be assigned to the Honorable Sidney M. Weaver, in view of his familiarity with the background of these proceedings.