**In re WPRV–TV, INC., formerly known as WSTE–TV, Inc., EI # 73–1203170, Debtor.**

**Bankruptcy No. 87–01393.**

United States Bankruptcy Court, E.D. Oklahoma.

Jan. 26, 1988.

Donald F. Marlar, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Okl., for debtor.

Warren L. McConnico, Savage, O'Donnell, Scott, McNulty & Affeldt, Tulsa, Okl., for creditor.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

A hearing was conducted on January 21, 1988 on the various Motions to Transfer and Objections thereto as filed in the Chapter 11 proceeding of WPRV–TV, Inc., formerly known as WSTE–TV, Inc. (DIP). The first Motion to Transfer Case was filed by the Puerto Rico Telephone Company. RCA Corporation filed a Motion to Dismiss Case for Lack of Proper Venue or in the Alternative to Change the Venue of the Case to the U.S. Bankruptcy Court for the District of Puerto Rico. Objections were filed by Katherine Vance, Assistant U.S. Trustee; Capital Cities/ABC Video Enterprises, Inc. (ABC); the Debtor-in-Possession (DIP); and the First National Bank & Trust Company of Tulsa (First).

Following review, we FIND

## FINDINGS OF FACT

1. This matter is a "core" proceeding. 28 U.S.C. § 157(b). This Order is given in compliance with B.R. 9021.

2. The DIP filed its voluntary Chapter 11 Petition on December 3, 1987. The DIP was incorporated in Puerto Rico in 1961 under the name of WSTE–TV, Inc. The corporate name was changed to WPRV–TV, Inc. in 1984. The President, James C. Leake, the Secretary, Jean C. Saunders, and the Treasurer, Mac Durnil, of the Corporation are all located in Muskogee, Oklahoma. The only shareholder residing outside of Oklahoma is Carmina Mendez de Miller, who owns 20% of the stock.

3. The DIP owns three pieces of real estate, all in Puerto Rico. The tracts are known as the San Juan Studio at Rio Piedras; the Fajardo Studio at Fajardo; and the leased transmitter site at El Yunque Peak at Rio Grande. The majority of the personal property assets, including autos, office equipment and machinery, are located in Puerto Rico. Three bank accounts are being held in Puerto Rico and two are open in Oklahoma.

4. Nevertheless, the management core of the DIP is located in Muskogee, Oklahoma, which is within the jurisdiction of the U.S. Bankruptcy Court for the Eastern District of Oklahoma. Since the officers are located in Muskogee, it is not surprising that the business records, other than payroll, are all kept in Muskogee. The accounts receivable and payable records are processed in Muskogee.

5. The DIP owes approximately $15,887,877.00 in unsecured claims according to the DIP's figures. The Puerto Rican claims are $1,624,019.00, while the non-Puerto Rican claims are $14,163,858.00. The majority of the claims owed to Oklahoma creditors is to entities best characterized as insiders.

6. According to the DIP's schedules, over $98,000.00 is owed to the Federal Government for FICA taxes and Unemployment Taxes. Roughly $617,132.00 is owed to the Commonwealth of Puerto Rico for various taxes. Ponce Federal Bank of Ponce, Puerto Rico is the largest secured creditor at $5,188,099.00 out of the scheduled $6,145,133.00 of total secured debt. The remaining secured creditors include: RCA Broadcast Systems Division of Gibbsboro, New Jersey; Sony Corp. of America of Teaneck, New Jersey; and M/A Communications of Burlington, Massachusetts.

## CONCLUSIONS OF LAW

A. The venue of bankruptcy cases is controlled by the provisions of 28 U.S.C. § 1408 as follows:

> "..., a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement ..."

As the principal assets, other than management, are located in Puerto Rico, the issue becomes that of determining the DIP's principal place of business.

B. The location of management in Muskogee is sufficient to establish the Eastern District of Oklahoma as being place of business of the DIP for purposes of § 1408.

C. Unquestionably, the party seeking transfer of a case has the burden of proving "by a fair preponderance of the evidence" that such transfer will be in the best interest of justice and convenience of the parties. The Trial Court's decision is discretionary and made on a case by case basis, disturbed on appeal only upon a showing of an abuse of discretion. *In re Triton Chemical Corp.*, 46 F.Supp. 326 (D.Del.1942); *In Matter of Tonkawa Refining Co.*, 502 F.2d 1341 (10th Cir.1974); 28 U.S.C. § 1412.

D. The factors generally considered in a Motion to Transfer include location of assets, economic and efficient administration of Debtor's estate, proximity of debtor to Bankruptcy Court, proximity of creditors in number and amount to the Court, and prox-

imity of witnesses, books and records. *In re Old Delmar Corp.*, 45 B.R. 883 (Bankr. S.D.N.Y.1985). At best the factors are just a balancing test of considerations.

E. The DIP's situation is unique in that management is geographically separated from the entity's assets and non-management operations. The factors supporting transfer include the location of the assets in Puerto Rico, the fact that the DIP is a Puerto Rican corporation and that the non-management functioning of the DIP occurs in Puerto Rico.

F. The factors supporting transfer are insufficient to prove by a fair preponderance that the transfer would be in the best interest of justice and the parties. This Court is persuaded by two primary considerations. First, that the management responsible for putting together a Plan of Reorganization is located in Muskogee. Second, that the unsecured creditors are primarily located in Oklahoma, with the remainder scattered throughout the United States as well as Puerto Rico. An additional element which cannot be overlooked in a case of this size is the time and effort already expended in this case. Allowance of a transfer to Puerto Rico can only be viewed as being detrimental to what has already been accomplished.

IT IS ORDERED that the DIP's place of business for purposes of 28 U.S.C. § 1408 is the Eastern District of Oklahoma. The movants failed to establish the requisite elements for transfer pursuant to 28 U.S.C. § 1412. Therefore, the Motions of RCA and Puerto Rico Telephone are denied and the Objections of the Assistant U.S. Trustee, ABC and the DIP are sustained. The Objection of First is stricken for failure to appear at the hearing.