**In re GREENRIDGE APARTMENTS, a Partnership, Debtor.**

**Bankruptcy No. 80–00645.**

United States Bankruptcy Court,
D. Hawaii.

April 30, 1981.

H. William Burgess, Honolulu, Hawaii, for trustee.

Herbert Tom, Honolulu, Hawaii, for trustee.

Peter Wheelon, Honolulu, Hawaii, for secured creditor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER RE MOTION TO TRANSFER CASE

JON J. CHINEN, Bankruptcy Judge.

The Motion to Transfer Case filed by Drywall Constructors, Inc., ("Drywall"), a secured creditor, came on for hearing on February 23, 1981. At the hearing Peter G. Wheelon, attorney for Drywall, argued in favor of the Motion to transfer these proceedings in this district to the Western District of Washington, and H. William Burgess, attorney for Trustee Herbert K. Tom, argued against the Motion. Also present were Andrew K. Aiu, Amy Carol Shea and Floyd Loring, partners of debtor, Greenridge Apartments and Herbert Tom who testified as a witness. Joseph Shea, husband of Amy Carol Shea, was also present.

Upon careful consideration of the evidence presented, the arguments of counsel and the memoranda, records and files herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The debtor, Greenridge Apartments, is an unregistered general partnership formed in Honolulu, Hawaii in 1973 for the purpose of investing in real estate. According to the debtor's schedules there are seven general partners all of whom reside in Hawaii except one partner, Sue Freeman, whose whereabouts are presently unknown. There also exist unidentified sub-members of the partnership.

2. The principal asset and only operating business asset of the debtor is a fifty-four rental unit apartment building, Greenridge Apartments, located in Vancouver, Washington.

3. On October 8, 1980, the debtor partnership filed a petition for relief under Chapter 11.

4. At the time of filing of the petition, there was pending in the Superior Court of the State of Washington in the County of Clark, an action for cancellation of real estate contract and damages entitled *Drywall Constructors, Inc. v. Andrew Aiu, et al.*, No. 79–200547–2. This litigation was filed on March 30, 1979 and involves debtor's principal asset which debtor purchased from Drywall by agreement of sale. The trial was scheduled to commence on November 19, 1980, in Washington but a stay was imposed by the filing of the petition. The defendants in the litigation are represented by Washington counsel.

5. In June of 1979, Herbert K. Tom was appointed receiver of the partnership in an action brought in the First District Court of the State of Hawaii, *Shea v. Aiu*, Civ.No. 54582. This action only involved as parties the partners of the debtor. Upon the filing of the bankruptcy petition, Herbert Tom was appointed as the interim bankruptcy trustee for the above-mentioned estate.

6. Drywall sold the Greenridge Apartments to the debtor in 1973 for $570,000 under a real estate contract. Drywall holds title to the Greenridge Apartments to secure payment of the balance of the purchase price which is between $461,000 and $489,000. Debtor owes Drywall three monthly installments and late charges, attorneys' fees and costs, which total amount is in dispute.

7. Mr. Tom testified that the debtor has maintained offices or office addresses in Hawaii as follows:

| 1975–1976 | 1341 Lusitana St. (Andrew Aiu's address) |
| 1978–1979 | 91–305 Ewa Beach Road (Andrew Aiu's address) |
| 1979–present | 333 Queen St. (Trustee Tom's address) |

8. The debtor has liability for taxes to the United States of America and the State of Washington. Mr. Tom testified that he filed on behalf of the debtor a State of Hawaii tax return for the year 1979. The State Department of Taxation, pursuant to a letter to the Trustee, stated that the debtor partnership had also filed Hawaii tax returns for the years 1974 and 1978.

9. The debtor's only secured creditor, Drywall, is located in Vancouver, Washington. Among the unsecured creditors are the debtor's partners who are residents of Hawaii, an accountant who is a resident of

Hawaii; debtor's trustee who is a resident of Hawaii, and other creditors all of whom are residents of the State of Washington.

10. As assets, the debtor lists the Greenridge Apartment building and household goods and furnishings located in Vancouver, Washington. The debtor also has current bank accounts at Seattle First National Bank, Vancouver Washington; an account at City Bank, Honolulu, Hawaii which was opened after the filing of the petition by Trustee Tom; and possibly an account with THC in Honolulu, Hawaii which the Trustee has not pursued.

11. The day-to-day operating books and records have been kept and maintained by Property Management Service in Vancouver, Washington since December 17, 1977. Property Management Service manages the debtor's property in Vancouver. The books and records of the partnership other than the day-to-day records, are located in Hawaii and are in the possession of either the Trustee or Mr. Aiu, one of the partners.

12. The trustee has never visited the property in Vancouver, Washington. The Trustee has, for the past eighteen months, been attempting to sell the property in Vancouver, Washington through real estate agents in Washington.

13. The trustee is of the opinion that at least ten hours would be required for a new trustee in Washington to get acquainted with the debtor's affairs.

14. These Findings of Fact, insofar as they are Conclusions of Law are incorporated by reference in the Conclusions of Law hereinafter stated.

### CONCLUSIONS OF LAW

1. Under 28 U.S.C. § 1472, venue of cases is determined as follows:

§ 1472. *Venue of cases under title 11.* Except as provided in section 1474 of this title, a case under title 11 may be commenced in the bankruptcy court for a district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period than the domicile, residence, principal place of business, in the United States, or principle assets, in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

2. Section 1472 draws no distinction between natural persons, partnerships and corporations. However, the distinctions developed under Section 2(a)(1) of the Bankruptcy Act and Bankruptcy Rule 116 may continue to be germane in determining proper venue, 1 Collier on Bankruptcy ¶ 3.02[1][j] (15th ed. 1980).

3. Under Section 2(a)(1) of the Bankruptcy Act a petition by a partnership could generally be filed only in a district where the bankrupt had its principal place of business or its principal assets for the preceding six months. Bankruptcy Rule 116(a) "eliminates the notion that residence or domicile may serve as a useful basis for determining venue of a corporation or partnership," *Advisory Committee's Note.*

4. Although under the Code, the criteria of proper venue for partnership may include domicile or residence, since a partnership is treated as a separate and distinct entity from the individual partners, it is difficult to see how a partnership can be said to have a residence or domicile. 1 Collier on Bankruptcy ¶ 3.02[k][ii]. Therefore, the only meaningful test for venue with respect to a partnership is the district in which it has its principal place of business or its principal assets.

5. The Court finds that while the debtor's principal assets are located in Washington, the debtor's principal place of business is in Hawaii. The partnership's principal place of business is a question of fact, thus, it is necessary to consider the character and purpose of Greenridge Apartments. In this case the debtor is in the

business of investing in real estate. The only real estate investment of the debtor involves the apartment building in Washington. Although the primary asset is located in Washington, the major decisions are being made by the Trustee in Hawaii. Cases have held that general supervision and management can constitute the principal place of business. *See, e. g. In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1241 (5th Cir. 1979) *aff'g*, 17 C.B.C. 715 (W.D.Tex.1978). Thus, this Court finds that the debtor's principal place of business is in the State of Hawaii and venue is proper.

6. Under 28 U.S.C. § 1475, when a case is filed in the proper district, the Bankruptcy Court may nevertheless transfer the case to another district. Section 1475 provides:

> § 1475. *Change of venue*
>
> A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

Even though venue in Hawaii is proper, it is still within the Court's discretion to transfer the case to Washington.

7. The burden for establishing that the case should be transferred is on the movant and must be shown by a preponderance of the evidence. *In re Macon Uplands Venture*, 2 B.R. 444 (Bkrtcy.D.Md.1980).

8. In deciding the issue of transfer the court must consider all significant factors since the decision is made on a case-by-case basis. As to the convenience of parties, the court in *In re Commonwealth Oil Refining Co.*,[1] 596 F.2d 1239 (5th Cir. 1979) *aff'g*, 17 C.B.C. 715 (W.D.Tex.1978), identified six relevant factors:

(1) the proximity of creditors of every kind to the Court;

(2) the proximity of the bankrupt (debtor) to the Court;

(3) the proximity of the witnesses necessary to the administration of the estate;

(4) the location of assets;

(5) the economic administration of the estate;

(6) the necessity for ancillary jurisdiction, if bankruptcy should result.

9. The Court noted that the most important consideration was whether the transfer would promote the economic and efficient administration of the estate. In terms of efficiency, Washington is the favored district because, despite the fact that this is a Chapter 11 case in which the plan of arrangement is crucial, the primary asset is located and being operated in Washington and the nonpartnership creditors are in Washington. Furthermore, the Court in Washington would be in a better position to evaluate any appraisals of the property and the appraisers who make the appraisals, as well as be in closer touch with the condition and operation of the property. If bankruptcy should result from these proceedings, Washington would be the preferred jurisdiction because liquidation would be required of the debtor's assets which are located solely in Washington.

10. Since the apartment building is located and being operated in Washington, the Bankruptcy Court may be required to make rulings in accordance with the laws of Washington. Thus, the U. S. Bankruptcy Court in Washington would be in a better position to make such decisions.

11. Having given careful consideration to all the relevant factors in this case, this Court concludes that the movant has sustained its burden of proof in establishing that the Chapter 11 case be transferred to the Western District of Washington.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion to Transfer Case is granted.

---

1. Section 1475 under the Code adopts the same test as Bankruptcy Rule 116(b)(1), therefore, cases decided under the Rule 116(b)(1) remain persuasive.