### In re OLD DELMAR CORPORATION, Debtor.

### In re ENVOY LTD., Debtor.

No. 84 Civ. 8663.
Bankruptcy Nos. 84 B 11374(EJR), 84 B 11375(EJR).

United States District Court, S.D. New York.

Jan. 11, 1985.

Fried, Frank, Harris, Shriver & Jacobson, by H.P. Minkel, Jr., New York City, for debtors.

Skadden, Arps, Slate, Meagher & Flom by Zachary B. Kass, New York City, for creditor Anchor Sav. Assn.

## DECISION AND OPINION

MILTON POLLACK, Senior District Judge.

A creditor of the estate currently being administered in the bankruptcy court for the Southern District of New York moved to transfer these reorganization proceedings from this District to the District Court for the Southern District of Texas pursuant to 28 U.S.C. 1412. Essentially the reason given was that the garden apartment complex—the income property—representing the assets of the estate is located in Spring Branch in Houston, Texas.

The debtors moved to withdraw the creditor's motion from the consideration of the bankruptcy judge for determination by the district court pursuant to 28 U.S.C. 157(d). The creditor thereupon consented to the withdrawal and both parties have consented to this District Court's determination of the issue of transfer. This Court heard that issue and upon due deliberation it appears without substantial question that the proceedings should be transferred to Texas for the reasons which follow.

Debtor, Envoy, is a Texas limited partnership whose sole general partner is debtor, Old Delmar. Envoy's only asset is a garden apartment complex in Spring Branch in Houston, Texas. The apartment complex has over 600 rental income apartments, of which only 10% are occupied. The day-to-day management of the complex is provided by the debtor's Houston affiliate, Landmark. Rent collection, maintenance, and facility services are conducted in Texas, and the records thereof are kept in Texas.

Old Delmar is a Delaware Corporation with a New York principal place of business; its only asset is its interest in Envoy. Old Delmar's four principals reside and have an office in New York.

Envoy and Old Delmar both filed Chapter 11 petitions in the Southern District of New York on October 1, 1984, and, thereafter, the bankruptcy court ordered joint administration of the two cases. Creditors' claims indicate an indebtedness of $14,857,-523 and assets of only $11,002,782. Nineteen of the debtors' twenty-one creditors are located in the Southern District of Texas.

The Court is mindful that in making its determination it should consider: 1) the location of the debtors' estate; 2) the economic and efficient administration of the debtors' estate; 3) the proximity of the debtors; 4) the proximity of the creditors; 5) the proximity of the witnesses; *see In re Landmark Capital Co.*, 19 B.R. 342, 347–48 (Bankr.S.D.N.Y.1982), *aff'd sub nom. Landmark Capital Co. v. North Central Development Co.*, 20 B.R. 220, 223–24 (S.D.N.Y.1982); and, 6) the probability that a liquidation may be ordered in these proceedings in view of the depressed condition of real estate in the area and the mounting operating losses which exceed $30,000 per month.

The factor which "overwhelmingly militates in favor of transfer" is that all of debtors' assets are located in Texas. *See Landmark Capital Co. v. North Central Development Co.*, 20 B.R. 220, 224 (S.D.N.Y.1982); *Hadar Leasing International Co. v. D.H. Overmyer Telecasting Co.*, 14 B.R. 819, 821 (S.D.N.Y.1981).

It is particularly appropriate for the locale of the income producing property to

administer this estate. Efficient and economic administration of such an estate can best take place where the facility is maintained and serviced and where the rents are collected. The Texas court "is in the best position to meet any emergencies and to maintain close contact with the property ..." *In re Landmark Capital Co.*, 19 B.R. at 348.

Moreover, if liquidation should occur, the Texas court would be in the best position to efficiently and intelligently administer the real estate property. *See Id.; In re Greenridge Apartments*, 13 B.R. 510, 513 (Bankr.D.Hawaii 1981). Twenty months ago, the Texas bankruptcy court administered a sale of this same apartment complex to the current debtors during the course of insolvency proceedings involving a prior owner of the apartment complex. Since only 10% of the complex is currently occupied and the complex is losing $30,000 each month, another sale is not an inconceivable alternative.

If any dispute erupts or liquidation becomes necessary, Texas would be the logical forum since local law would probably apply. *See In re Greenridge Apartments*, 13 B.R. at 513. Moreover, the property would best be appraised by those most familiar with the area; the witnesses would, therefore, most likely be from Texas. *See Id.*

Since nineteen of the twenty-one creditors are in Texas, Texas would be the logical place for them to participate.

The debtors complain that Texas is far away from where the four principals reside in New York, and where they administer their affairs. However, as the debtors admit, the four principals are involved in numerous partnerships and corporations throughout the country and have traveled to Texas on many occasions to negotiate the purchase of the apartment complex and oversee its management. If the principals' presence is needed in Texas, they can be there in person or proxy with very little inconvenience. Moreover, the debtors admitted in oral argument that a complete set of pertinent records are kept in Texas and are available there.

As the debtors also acknowledged in oral argument, the Spring Branch area of Houston, the area in which the property is located, has economic difficulties. Therefore, "there is a substantial local interest in the success of the Chapter 11 [proceedings] or the proper sale of the [property] in the event of liquidation." *In re Landmark*, 19 B.R. at 348.

Accordingly, the motion for the transfer of the proceedings in this Court to the Southern District of Texas for administration there is in all respects granted; and, the Clerk is directed to deliver all papers filed herein to the Clerk of the Southern District of Texas forthwith so that delay shall not prejudice the prompt administration of the Estate.

The foregoing shall constitute the findings of fact and conclusions of law.

SO ORDERED.