In re **KONA JOINT VENTURE I, LTD.,** a Texas Limited Partnership dba Hawaii Keauhou Beach Hotel, Debtor.

Bankruptcy No. 85–00183.

United States Bankruptcy Court, D. Hawaii.

May 2, 1986.

---

■■■■■■■■■■■■■■■■■■■■■

James Wagner, Honolulu, Hawaii, for plaintiff.

T. Irving Chang, Honolulu, Hawaii, for defendant.

## MEMORANDUM OPINION AND ORDER REGARDING TRANSFER OF VENUE

JON J. CHINEN, Bankruptcy Judge.

This controversy involves a motion, pursuant to Bankruptcy Rule 1014, by Kona Joint Venture I, Ltd. ("Debtor") to transfer venue from the District of Hawaii to the Western District of Texas, San Antonio Division.

In a motion filed on December 19, 1985, the Debtor contends that transfer should be ordered for the convenience of the parties and in the interest of justice.

A hearing on the motion was held on March 21, 1986, at which time the Court took the matter under advisement and requested supplemental memoranda from the parties. Upon careful consideration of the issues presented, the arguments of counsel and the memoranda, records and files herein, the Court issues the following memorandum opinion and order.

## I. FACTUAL BACKGROUND

This case commenced on April 25, 1985 with the filing of an Involuntary Petition for Relief under Chapter 11 against Kona Joint Venture I, Ltd., in the United States Bankruptcy Court for the District of Hawaii ("Hawaii case"). The Debtor is a Texas limited partnership, and is registered to do business in Texas and Hawaii. The Limited Partnership Agreement indicates that the general partners of the Debtor are: Marci, Inc.; Leopoldo Zorrilla; Alfonso Chiscano; Louis C. Ortega; Jerry L. Franz; Morris Holmes; and Marvin A. Rubin. The Partnership Agreement also states that the managing general partner Marci, Inc. has sole and exclusive control of the partnership. The Debtor's principal asset, the Keauhou Beach Hotel ("Hotel"), is located in Keauhou on the Island of Hawaii. The Hotel was acquired by the Debtor on September 1, 1983, in a transaction from Ho'omahele, Ltd., a Hawaii limited partnership, which had purchased the Hotel from Island Holidays, Ltd. The Debtor paid $12,750,000.00 for the Hotel by way of a mortgage to the Government Employees' Credit Union of San Antonio ("GECU"), and another mortgage in favor of Island Holidays, Ltd. This series of transactions has given rise to at least four other court actions.[1]

In the late summer of 1985, the Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas ("Texas case"). On October 10, 1985, the Hawaii case was converted on a motion by the petitioning creditors to a Chapter 7 proceeding. The trustee currently is operating the Hotel through Amfac, Inc.

Debtor then filed a motion to change venue of the Hawaii case to the U.S. Bankruptcy Court for the Western District of Texas. Six of the seven other joint ventures that the Debtor is affiliated with have also filed voluntary petitions in Texas under Chapter 11. In the motion for change of venue, the Debtor has incorporated motions for consolidation of all bankruptcy proceedings into one action in the Western District of Texas.

## II. ISSUES

In the motion for change of venue, the Debtor first argues that transfer of the case would be in the best interest of the estate and the creditors because the Debt-

---

1. Two of the actions were commenced in the First Circuit Court of the State of Hawaii: *Island Holidays, Ltd. v. Kona Joint Venture I, Ltd., et al.*, Civil No. 85–3030 (foreclosure); and *Island Holidays, Ltd. v. Hoomahele, Ltd.*, Civil No. 85–1835 (endorser and assignor liability). Two other actions were commenced in the United States District Court for the District of Hawaii: *Island Holidays, Ltd. v. Kona Joint Venture I, et al.*, Civil No. 85–0340 (collection of promissory note); and *GECU v. Hoomahele, Ltd.*, Civil No. 85–0513 (foreclosure of accommodation mortgage on Ho'omahele's Kona Gardens property).

or's principal office and the legal residence and domicile of the venture and all its members are in the Western District of Texas. The Debtor also asserts that the principal assets of the members of the venture are located in San Antonio, Texas.

Second, the Debtor argues that other than the Hotel in Hawaii, the remaining assets of the venture consist largely of a cause of action against GECU, which is located in San Antonio. The Debtor also claims that no party to the potential suit or witness is located in Hawaii, and asserts that the transaction potentially giving rise to the suit occurred in San Antonio. The Debtor intends to proceed under Chapter 11 and reorganize with the other joint ventures which are in the Texas bankruptcy court and argues that transfer is essential because successful reorganization depends upon the ability of the joint venturers in Texas to contribute assets or financing to reorganization effort.

Several of the parties opposed the motion. In a series of memoranda in opposition to the Debtor's motion, Island Holiday, Ltd., Amfac Hotels and Resort, Inc., GECU, the petitioning creditors, Bishop Estate and the Trustee in the Hawaii case argue that venue should not be transferred. A summary of their arguments is as follows:[2]

1) A majority of the creditors are located in Hawaii;

2) Although GECU is located in San Antonio, it is not inconvenienced by the case being in Hawaii. GECU was, in fact, one of the petitioning creditors that initiated the involuntary Hawaii case;

3) The Bankruptcy Court for the District of Hawaii is better able to evaluate the appraisals of the property;

4) The Debtor has not paid Bishop Estate for two and one-quarter (2¼) years for the lease on the Hotel property;

5) Island Holidays and Amfac have been paying the lease on behalf of the Debtor;

6) The Debtor has not taken any steps to preserve the lease on the Hotel property although this lease is its principal asset;

7) The leases to the property on which the Hotel is located are governed by Hawaii law;

8) The operating books of the Debtor are in Hawaii;

9) The Debtor has failed to file its schedules and financial statements and thus cannot reasonably be expected to successfully reorganize in Texas;

10) Four civil cases are currently pending in Hawaii State Court or the U.S. District Court for Hawaii;[3]

11) The other joint ventures in bankruptcy are distinct from the Debtor and have separate assets, creditors and claims, and

12) Convenience and efficient administration of the estate mandate that the case be kept in Hawaii.

### III. DISCUSSION

Venue in bankruptcy proceedings is proper

> ... in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement.... 28 U.S.C. § 1408(1).

Because the principal place of business of the Debtor and the principal assets of the Debtor are located in Hawaii, venue is proper in the United States Bankruptcy Court in the District of Hawaii.

Procedure for change of venue in bankruptcy cases is controlled by Bankruptcy Rule 1014, which states in pertinent part:

> If a petition is filed in a proper district, on timely motion of a party in interest ... the case may be transferred to any other district if the court determines that

---

**2.** Each of the several parties opposing the motion to transfer venue filed memoranda arguing their positions. Their arguments are consolidated for the benefit of clarity.

**3.** See *supra* note 1 for a listing of the pending cases.

the transfer is for the convenience of the parties and witnesses in the interest of justice.[4]

Under Rule 1014, the party requesting the change in venue has the burden of showing, by a preponderance of the evidence, that the case should be transferred. *In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1241 (5th Cir.1979) *cert. denied,* 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *In re Island Club Marina, Ltd.,* 26 B.R. 505, 507 (Bkrtcy.N.D.Ill. 1983); *In re Greenridge Apartments,* 13 B.R. 510, 513 (Bkrtcy.D.Hawaii 1981). The resolution of an issue of venue is left to the sound discretion of the trial court based on its understanding of the requirements of the particular case in the context of Chapter 11 reorganization, *In re Dahlquist,* 34 B.R. 476, 485 (Bkrtcy.D.S.Dakota), but the power of the court to transfer venue should be exercised cautiously. *In re Island Club Marina, Ltd., supra.* As this Court stated in *In re Greenridge Apartments, supra,* there are six relevant factors in determining if a transfer is for the convenience of the parties: (1) the proximity of creditors of every kind to the Court; (2) the proximity of the bankruptcy (debtor) to the Court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; (6) the necessity for ancillary jurisdiction if bankruptcy should result. *See In re Commonwealth Oil Refining Co., Inc., supra; In re Landmark Capital Co.,* 20 B.R. 220, 221, 223–24 (S.D.N.Y. 1982). *See also In re Dahlquist, supra.* The most important consideration for the court is whether the transfer would promote the economic and efficient administration of the estate. The Court holds for the reasons stated hereinafter, that in terms of efficiency of administration of the estate, Hawaii is the most convenient forum.

First, the Court notes that Island Holidays, Ltd., the largest secured creditor holding approximately ¾ of the total outstanding partnership debt, is located in Hawaii. GECU, a creditor that asserts a large secured and unsecured debt is located in Texas but opposes transfer of this case to Texas. A majority of the unsecured creditors are also located in Hawaii. Of the three unsecured creditors that show addresses outside of Hawaii, it appears that even they maintain offices in Hawaii.

Second, the primary asset of the Debtor, the Keauhou Beach Hotel, is located in Hawaii. It would defy good sense to administer in Texas the estate of a debtor whose primary asset is a hotel in Hawaii. This court in *In re Greenridge Apartments, supra,* held that the favored forum is the district in which the primary asset is located. In *Greenridge* this Court also noted that the court of the district in which the property was located would be better equipped to evaluate any appraisals of the property and the appraisers who make the appraisals, as well as be in closer touch with the condition and operation of the property. In the instant case, the transaction for the purchase of the Hotel took place in Hawaii and the disputes concerning leases, liens on the property, and the propriety of the purchase transactions will be governed by Hawaii law. In the course of the proceedings, the Bankruptcy Court also may be required to make rulings in accordance with the laws of Hawaii, and the Court for the District of Hawaii is in a better position to make such rulings.

Third, the administration of the estate has already begun in Hawaii. Effective administration of the estate would not be accomplished by a change of venue, given that the estate has been administered in Hawaii for nearly one year. This court has authorized Amfac to operate the Hotel, and all funds advanced by Amfac are being granted an administrative priority. This court has also authorized the interim Trustee to assume the lease on the Hotel property, ordered the Debtor to file the Statement of Financial Affairs and Schedules of Assets and Liabilities, converted the proceed-

---

4. Section (b) of Bankruptcy Rule 1014 determines procedure when petitions involving the same debtor or related debtors are filed in different courts. The U.S. Bankruptcy Court for the Western District of Texas, in accordance with Section (b), stayed the Texas bankruptcy proceedings pending determination of the venue issue by this Court.

ing from Chapter 11 to Chapter 7, and granted relief from the automatic stay.

Fourth, four related proceedings are pending in Hawaii courts.[5] The relationship of the Debtor with other pending cases is a factor that must be considered. *In re Island Club Marina, supra.* Any liquidation of assets of the Debtor will have an impact on any judgments rendered by the courts in Hawaii, and to this extent, effective administration of the estate dictates that all proceedings are adjudicated within the same forum.

The Debtor urges this court to transfer venue to Texas because other than the Hotel in Hawaii, the remaining assets of the venture consist of a cause of action against GECU pending in Texas. This court notes though, that the District Court for 131st Judicial District, Bexar County, Texas, as a matter of comity, has ordered abatement in an action in Texas filed by certain general partners against GECU pending the outcome of the case involving the same parties in the Circuit Court for the First Circuit of the State of Hawaii. The claims that these general partners have against GECU will therefore be heard in Hawaii.

Finally, the Court notes two other factors that show that the venue of the bankruptcy proceeding should not be transferred. The day-to-day operating books and records are located in Hawaii, and proximity to these records would facilitate effective administration of the estate. Although the Debtor asserts that the creditors would be benefitted by a transfer of venue and a consolidation of the cases in a Chapter 11 proceeding in Texas, it has not shown the court how this benefit would occur. No basis for the possibility of a successful reorganization has been demonstrated to the court, and there has been no factual showing or explanation as to why consolidation of the instant case with the cases relating to the other joint ventures would benefit the creditors or the administration of the estate.

The Trustee and GECU also assert that the motion for change of venue should be denied because Lawrence Beck, the counsel for the Debtor, is not disinterested and was apparently never appointed to represent the Debtor. The court will not rule on the allegation until such time as a motion is brought for removal of counsel, and the parties are given opportunity to respond.

## IV.  CONCLUSION

Having given careful consideration to the relevant issues presented in this case, this Court concludes, based on all the factors set forth above, that the movant has not met the burden of showing, by a preponderance of the evidence, that a change of venue would be for the convenience of the parties and witnesses and in the interests of justice. Venue therefore, will remain in Hawaii.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Change of Venue is denied.

---

5.  The proceedings are detailed at note 1, *supra.*