**In re POPE VINEYARDS, A California Corporation, Debtor.**

**Bankruptcy No. 87–07150–H1–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 2, 1988.

J. Douglas Bacon, James Donnell, Andrews & Kurth, Houston, Tex., for Freedom Federal Sav. & Loan Ass'n.

James R. O'Donnell, Jeannette M. McAllister, Butler & Binion, Houston, Tex., for Equitable Life Assur. Soc. of U.S.

Leonard M. Parkins, Thomas S. Henderson, Sheinfeld Maley & Kay, Houston, Tex., for debtor.

Michelle D. Reynolds, Winstead, McGuire, Sechrest & Minick, Houston, Tex., for Official Creditors' Committee of Buttes Gas & Oil Co.

## MEMORANDUM OPINION

MANUEL D. LEAL, Bankruptcy Judge.

The motion of Freedom Federal Savings and Loan Association to transfer venue of this case came on for hearing. After careful consideration of the evidence, arguments of counsel, and legal authorities, the undersigned announced the determination that venue should be transferred and so recommended to the district court. The United States District Court for the Southern District of Texas ordered the transfer to the United States Bankruptcy Court for the Northern District of California. Pope Vineyards and the Official Creditors' Committee of Buttes Oil & Gas Company moved the court for a new trial, for a *de novo* review of the record, or alternatively, for issuance of findings. Freedom Federal Savings and Loan Association and the Equitable Life Assurance Society of America responded in opposition. In order to resolve the dispute over venue, the following memorandum opinion setting forth findings and conclusions is released.

## FACTS

Pope Vineyards, a California corporation, caused its original voluntary petition under Chapter 11 to be filed with the clerk of the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on July 27, 1987.

On August 25, 1987, Freedom Federal Savings and Loan Association ("Freedom Federal"), identifying itself as a secured creditor for an amount in excess of ten million dollars, moved for change of venue to the Northern District of California, Santa Rosa Division. The Equitable Life Assurance Society of the United States ("Equitable") intervened in support of the transfer of venue. The debtor and the Official Creditors' Committee of Buttes Gas and Oil Company filed pleadings in opposition to the motion. A hearing was held October 15, 1987 at which all parties had an opportunity to present their witnesses, evidence, and argument on the issue.

Pope Vineyards is in the business of operating and developing a vineyard. Grapes are grown at the vineyard, and some are sold while others are used for on-premises winemaking. According to the original petition, the vineyard, water storage reservoirs, frost ponds, pump stations, pipelines, and buildings, among other items necessary for operation of the business, are located on approximately 4,625 acres of land in Napa County, California. All of Pope Vineyards' common stock is owned by Buttes Gas and Oil Company. Buttes Gas and Oil Company and a number of related and subsidiary companies involved in the energy business (collectively, "Buttes") filed petitions with the clerk of the bankruptcy court in this district and division, and the cases pend under Case No. 85–07494–H3–11. Two of Pope Vineyards' officers are also officers of Buttes. Bankruptcy counsel for Buttes also serve as bankruptcy counsel for Pope Vineyards. Presumably, the Pope Vineyards bankruptcy case was filed in this district and division because the Buttes cases are pending here.

## JURISDICTION

The United States District Court is conferred with original jurisdiction over bankruptcy cases and proceedings under title 11 pursuant to 28 U.S.C. §§ 1334 and 157. Motions to transfer venue of bankruptcy cases properly pend before the district court pursuant to 28 U.S.C. § 1412. A motion to transfer venue is a "matter concerning the administration of the estate" within the meaning of 28 U.S.C. § 157(b)(2)(A) and as such is a "core" proceeding. *In re D'Angona*, 74 B.R. 577 (Bankr.D.R.I.1987); *In re Ofia Realty Corp.*, 74 B.R. 574 (Bankr.S.D.N.Y.1987); *In re Baltimore Food Systems, Inc.*, 71 B.R. 795 (Bankr.D.S.C.1986); *In re Waits*, 70 B.R. 591 (Bankr.S.D.N.Y.1987); *In re Thomasson*, 60 B.R. 629 (Bankr.M.D.Tenn. 1986); *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715 (Bankr.D.Conn.1986). The undersigned heard this dispute and submitted a recommendation to the United States District Court pursuant to General Order No. 87–12 issued by the Chief Judge of the United States District Court for the Southern District of Texas. An order transferring venue issued.

## LEGAL STANDARDS

Venue of a case under title 11 is governed by 28 U.S.C. § 1408 *et seq.* A case under title 11 may be properly commenced in the district court for the district

(1) In which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement ... or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

■ The Pope Vineyards case was originally filed in this district pursuant to 28 U.S.C. § 1408(2). In its response in opposition to the motion to transfer venue the debtor explained that Buttes and Pope Vineyards are "affiliates" as that term is defined in 11 U.S.C. § 101(2). That provision provides in part that:

(2) "affiliate" means—

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor ...

Because the Buttes cases are pending in this district, the debtor alleges the Pope Vineyards case is properly filed here as well. The debtor is correct. Because Pope Vineyards and Buttes are "affiliates" within the meaning of the statute, the case was concededly properly filed in this district.

Congress has authorized the transfer of cases in proper circumstances including where venue is proper in the district in which the case was originally filed. According to 28 U.S.C. § 1412,

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Bankruptcy Rule 1014(a)(1) further provides:

*Cases Filed in Proper District.* If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

■ The movant has the burden of proving by a fair preponderance of the evidence that a transfer of venue is warranted. *Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.)*, 596 F.2d 1239, 1241 (5th Cir.1979); *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Windtech, Inc.*, 73 B.R. 448, 450 (Bankr.D.Ct.1987); *In re Waits*, 70 B.R. 591, 595 (Bankr.S.D.N.Y.1987); *In re HME Records, Inc.*, 62 B.R. 611, 613 (Bankr.M.D.Tenn.1986); *In re Kona Joint Venture I, Ltd.*, 62 B.R. 169, 172 (Bankr.D. Haw.1986); *Frazier v. Lawyers Title In-*

surance Corp. (In re Butcher), 46 B.R. 109, 112 (Bankr.N.D.Ga.1985); In re Holiday Towers, Inc., 18 B.R. 183, 186 (Bankr. S.D.Ohio 1982).

◼ The court exercises its sound discretion in deciding whether to retain or transfer venue of a bankruptcy case. In re 19101 Corp., 74 B.R. 34, 35 (Bankr.D.R.I. 1987); In re Waits, 70 B.R. 591, 594 (Bankr.S.D.N.Y.1987); In re Pickwick Place Limited Partnership, 63 B.R. 290, 291 (Bankr.N.D.Ill.1986); Frazier v. Lawyers Title Insurance Corp. (In re Butcher), 46 B.R. 109, 112 (Bankr.N.D.Ga.1985); In re Holiday Towers, Inc., 18 B.R. 183, 187 (Bankr.S.D.Ohio 1982). Such a decision must be made on the particular facts of each case. In re Holiday Towers, Inc., 18 B.R. 183, 187 (Bankr.S.D.Ohio 1982).

◼ Where a case is filed in the proper venue, the court should cautiously exercise its power to transfer venue. In re Commonwealth Oil Refining Co., 596 F.2d at 1241 (5th Cir.1979), cert. denied 444 U.S. 1045 (1980); In re Windtech, Inc., 73 B.R. 448, 450 (Bankr.D.Ct.1987); In re Kona Joint Venture I, Ltd., 62 B.R. 169 (Bankr. D.Haw.1986). Such a transfer should not be made "without clear and proper justification." In re Holiday Towers, Inc., 18 B.R. 183, 187 (Bankr.S.D.Ohio 1982).

◼ The basic factors governing the transfer of venue of a bankruptcy case were set out and standardized in the Fifth Circuit case, In re Commonwealth Oil Refining Co., 596 F.2d 1239 (5th Cir.1979) cert. denied 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980). The standard articulated by the Fifth Circuit in that case has been widely adopted and applied. See Hadar Leasing International Co. v. D.H. Overmyer Telecasting Co. (In re Hadar Leasing International Co.), 14 B.R. 819, 820 (S.D.N.Y.1981); Landmark Capital Co. v. North Central Development Co. (In re Landmark Capital Co.), 20 B.R. 220, 223 (S.D.N.Y.1982); In re Ofia Realty Corp., 74 B.R. 574, 576 (Bankr.S.D.N.Y. 1987); In re Windtech, Inc., 73 B.R. 448, 451 (Bankr.D.Ct.1987); In re Baltimore Food Systems, Inc., 71 B.R. 795, 802 (Bankr.D.S.C.1986); In re Ocheltree, 71 B.R. 1, 1–2 (Bankr.D.N.M.1983); In re Waits, 70 B.R. 591, 594 (Bankr.S.D.N.Y. 1987); In re HME Records, Inc., 62 B.R. 611, 613 (Bankr.N.D.Tenn.1986); In re Kona Joint Venture I, Ltd., 62 B.R. 169, 172 (Bankr.D.Haw.1986); In re Coalfield Development, Inc., 56 B.R. 201, 204 (Bankr.W.D.Va.1986); Frazier v. Lawyers Title Insurance Corp. (In re Butcher), 46 B.R. 109, 112 (Bankr.N.D.Ga.1985); In re Holiday Towers, Inc., 18 B.R. 183, 187 (Bankr.S.D.Ohio 1982). The Fifth Circuit determined in Commonwealth Oil that a court considering whether a transfer of venue would be in the interest of justice or for convenience of the parties under 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a),[1] must consider the following factors:

(1) The proximity of creditors of every kind to the Court;

(2) The proximity of the bankrupt (debtor) to the Court;

(3) The proximity of the witnesses necessary to the administration of the estate;

(4) The location of the assets;

(5) The economic administration of the estate;

(6) The necessity for ancillary administration if bankruptcy should result.

In re Commonwealth Oil, 596 F.2d at 1247.[2]

---

**1.** The Commonwealth Oil case was decided under statutes and rules that preceded those effective under current law. Nevertheless, the standards announced in Commonwealth Oil apply under current law. In re Windtech, Inc., 73 B.R. 448, 450 n. 7 (Bankr.D.Ct.1987); Fraizer v. Lawyers Title Ins. Corp. (In re Frazier ), 46 B.R. 109, 112 n. 10 (Bankr.N.D.Ga.1985) and cases cited therein.

**2.** Most of the cases following Commonwealth Oil rely on those six factors. See e.g., In re Windtech, Inc., 73 B.R. 448, 451 (Bankr.D.Ct. 1987); In re Baltimore Food Systems, Inc., 71 B.R. 795, 802 (Bankr.D.S.C.1986); In re Kona Joint Venture I, Ltd., 62 B.R. 169, 172 (Bankr.D. Haw.1986); Frazier v. Lawyers Title Ins. Corp. (In re Butcher ), 46 B.R. 109, 112 (Bankr.N.D.Ga. 1985); In re Holiday Towers, Inc., 18 B.R. 183,

## ANALYSIS

■ An analysis of the facts of this case under these six *Commonwealth Oil* factors is appropriate. The analysis of these factors leads to the conclusion that venue of the case must be transferred to California.

### (1) *The proximity of creditors of every kind to the court.*

In its original petition under Chapter 11, filed July 27, 1987, the debtor listed all its creditors. There are 37 creditors listed. Of those creditors, none hold Texas addresses but thirty-two hold California addresses.[3] Of the remaining five creditors, two are listed in Oregon, one in Nevada, one in Rhode Island, and one in Illinois.

In its schedule of assets and liabilities filed on September 11, 1987, the debtor listed eight secured creditors. Of those eight, six are located in California, one in Nevada, and one in Oregon. Freedom Federal, the Oregon creditor, is the party moving for the transfer to California. At least one California secured creditor, Equitable, intervened and appeared in support of the transfer.

Crescent Farms Co. is another subsidiary of Buttes listed as a California secured creditor of Pope Vineyards. At the hearing, Mr. Boreta, president of the debtor, testified that Crescent Farms also has a Houston office. Except for this affiliated entity *no* creditor is located in Texas. The creditors are closer in proximity to a court in California than to a court in Texas. Consideration of this factor leads to the conclusion that venue is more proper in the Northern District of California than in the Southern District of Texas.

### (2) *The proximity of the bankrupt (debtor) to the court.*

The debtor lists its address on its statement of financial affairs filed September 11, 1987 as 2424 Barnett Road, St. Helena, CA, 94574. By its own records, the debtor is located in California. It is elementary to conclude that the debtor is closer in proximity to a court in its home district, the Northern District of California, Santa Rosa Division, than to this district, the Southern District of Texas, Houston Division.

### (3) *The proximity of the witnesses necessary to the administration of the estate.*

At the hearing on this matter, Mr. John Boreta was the principal witness. Mr. Boreta is the corporate president of Pope Vineyards and most of the other Buttes entities. Mr. Boreta resided in California near the vineyard until a number of months ago. He now resides and offices in Houston, Texas but travels to California approximately once a month. Mr. Boreta testified that he is responsible for the overall management, coordination, and financing

---

187 (Bankr.S.D.Ohio 1982). However, some of the cases have added other factors:
   —The intertwined relationship of affiliated debtors in one district. *Hadar Leasing International Co. v. D.H. Overmyer Telecasting Co.* (*In re Hadar Leasing International Co.*), 14 B.R. 819, 820 (S.D.N.Y.1981); *In re Waits,* 70 B.R. 591, 595 (Bankr.S.D.N.Y.1987).
   —The relative economic harm to debtors and creditors caused by a transfer. *In re Ofia Realty Corp.,* 74 B.R. 574, 576 (Bankr.S.D.N.Y. 1987); *In re Waits,* 70 B.R. 591, 595 (Bankr.S. D.N.Y.1987).
   —The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings. *In re Ofia Realty Corp.,* 74 B.R. 574, 576 (Bankr.S.D.N.Y.1987); *In re Waits,* 70 B.R. 591, 595 (Bankr.S.D.N.Y. 1987).
   —The availability of compulsory process and the cost associated with the attendence of unwilling witnesses. *In re Ofia Realty Corp.,* 74 B.R. 574, 576 (Bankr.S.D.N.Y.1987); *In re Waits,* 70 B.R. 591, 595 (Bankr.S.D.N.Y.1987); *McLemore v. Thomasson (In re Thomasson ),* 60 B.R. 629, 632 (Bankr.M.D.Tenn.1986).
   —The relative ease of access to sources of proof. *In re 19101 Corp.,* 74 B.R. 34, 35 (Bankr.D.R.I.1987); *McLemore v. Thomasson (In re Thomasson ),* 60 B.R. 629, 832 (Bankr. M.D.Tenn.1986).
   —Relative advantages and obstacles to a fast trial. *Id.*
   —A state's interest in having local controversies decided within its borders. *Id.*

**3.** Of the 32 California creditors, 23 are listed in zip-codes similiar to that of the debtor; these codes begin with the prefix 945. Thus, the majority of the California creditors are located in close proximity to the debtor's business.

for Pope Vineyards.[4] Mr. Boreta stated that he oversees management of Pope Vineyards together with Mr. McMichael, vice president of finance of Pope Vineyards, and a vice president of Buttes Gas & Oil who also resides in Houston.[5] Mr. Boreta spends five to ten hours a week, on the average, on Pope Vineyards business.

Mr. Boreta named other managers of Pope Vineyards and described their duties. Mr. Andy Cangemi was described as the full-time ranch manager who resides and offices at the Pope Vineyards facility in California.[6] Mr. Cangemi is in charge of actual crop cultivation and production at the vineyard. The crop, valued at over a million dollars, produces over 4,000 tons of grapes per year in California.[7] Mr. Cangemi negotiates contracts under the supervision of Mr. Boreta and executes them in California.[8]

Mr. Boreta also described the duties of Pope Vineyards' full-time treasurer and comptroller, Richard Oberg. Mr. Oberg, an accountant, resides in California and maintains his office at the vineyard. He maintains the company records and prepares the financial statements and budgets for the vineyard.[9]

Mr. Boreta testified that an assistant secretary, Ms. Andy Kwi, resides in California and offices at the vineyard.

In order to frame an opinion as to the conclusion to be drawn from these facts, one must consider the Fifth Circuit standard, which states that "the concern is with the corporation's employees who must appear in court, not with the employees who are on the production line." *In re Commonwealth Oil*, 596 F.2d at 1248; *see also In re Baltimore Food Systems, Inc.*, 71 B.R. at 802–03. In the pending matter, weighing this factor is not easy. The corporate president is located in Houston, Texas while the ranch manager, corporate treasurer and comptroller are located in Napa Valley, California.

While the decision on this factor must follow *Commonwealth Oil*, it must also be well grounded in the facts of this case. If the court were to decide to retain venue in Houston, Texas on the basis of this factor, it would resemble the conclusion of the *Commonwealth Oil* court. A decision could be made to retain venue where the overall financial management is located. However, the facts of the Pope Vineyards case are distinguishable and lend themselves to a slightly more complicated analysis. The following facts must be considered.

The financial management consists of a president and vice president who, according to the best understanding from the testimony elicited at the hearing, spend a matter of hours on the business of this corporation per week. These managers participate in management of the other Buttes organizations and their reorganization efforts. That is where their efforts are concentrated. This debtor is a subsidiary in a different business than that of the other Buttes entities. The small vineyard is operated independently from the Buttes oil and gas industry companies. The witness who is involved in overall financial reorganization, Mr. Boreta, is located in Houston but travels to California monthly. The real activity in the business, and in much of the reorganization, occurs in Napa Valley where the operator and accountant are located. The books, records, and budgets also emanate from and are kept in Napa Valley. *See Commonwealth Oil*, 596 F.2d at 1243. To transfer venue, based on this factor, to the Northern District of California, would make it less convenient for the part-time executive but more convenient for the other witnesses who control the operations and finances and who presumably do not travel often in their employment. This analysis also takes into account that the books and records are in California and are

---

4. *See* transcript at 73.

5. *See id.*

6. *See id.* at pp. 36–37.

7. *See id.* at pp. 37–40.

8. *See id.* at pp. 40–41.

9. *See id.* at p. 42.

most easily accessible there. *See Commonwealth Oil*, 596 F.2d at 1248.

In short, the decision on this factor is to opt for venue where the witnesses necessary to the operation are located, and where the records and their custodians are located, rather than where its part-time executive resides. He is readily available to travel to appear in California and the inconvenience is less as to him than as to the creditors. Venue is proper in the Northern District of California.

### (4) *The location of the assets.*

The importance of the location of the bulk of the debtor's assets varies depending upon the nature of the business. The debtor-in-possession before the court, Pope Vineyards, operates a 4,625 acre vineyard in California. Mr. Boreta testified that all the assets are located in California except two notes which are located in Houston.[10] The Napa Valley Vineyard and its improvements constitute the bulk of this debtor's assets. Its primary business is the cultivation, harvest, and sale of grapes. Some wine is made. Much of the California acreage is not developed. This business relies upon and emanates from the land in California. The location of the vineyard is presumably due to the particular geographical qualities of the land in Napa Valley, California and their importance to the cultivation of wine grapes.

In *Commonwealth Oil*, the business was run by executives in San Antonio, Texas. The petroleum refinery was located in Puerto Rico. When faced with a motion to transfer venue from Texas to Puerto Rico, the trial court denied and the Fifth Circuit ultimately affirmed. The Fifth Circuit minimized the importance of the location of the assets. It discussed the location of the assets in light of the location of the physical plant, employees, where various management activity takes place, where the principal place of the debtor's business is located, and from where the management emanates. *See Commonwealth Oil*, 596 F.2d at 1246–47.

Many courts have placed more importance on the location of the assets than did the *Commonwealth Oil* court. On the facts pending before the court, this factor must be considered as one of paramount importance. For instance, in *In re Old Delmar Corp.*, 45 B.R. 883 (S.D.N.Y.1985), despite the fact that the principals resided in New York, the factor that "overwhelmingly militate[d] in favor of transfer" to Texas was the location of all of the debtor's assets, which consisted of an apartment complex. *Old Delmar*, 45 B.R. at 884. *See also Hadar Leasing International Co. v. D.H. Overmyer Telecasting Co., (In re Hadar Leasing International Co.)*, 14 B.R. 819, 821 (S.D.N.Y.1981) (equipment and leases); *In re 19101 Corp.*, 74 B.R. 34 (Bankr.D.R.I.1987) (developed realty); *In re Pickwick Place Ltd. Partnership*, 63 B.R. 290 (Bankr.N.D.Ill.1986) (apartment complex); *In re HME Records, Inc.*, 62 B.R. 611 (Bankr.M.D.Tenn.1986) (400 master tapes of musicians' recordings). "Special consideration" should be given to the "situs of the assets where those assets consist of real property: '[M]atters concerning real property have always been of local concern and traditionally are decided at the situs of the property.'" *In re Baltimore Food Systems, Inc.*, 71 B.R. 795, 803 (Bankr.D.S.C.1986) (citations omitted).

The case under consideration is one that concerns real property. The location of the bulk of the assets must weigh heavily as a factor because the business of this debtor relies upon its realty. The facts of this business greatly differ from the facts faced by the *Commonwealth Oil* court. Based on this consideration, venue is proper where the vineyard is located, in the federal court responsible for Napa Valley, California.

### (5) *The economic administration of the estate.*

This factor is the most important consideration. *Commonwealth Oil*, 596 F.2d 1239, 1247 (5th Cir.1979). The Fifth Circuit in that case was concerned that financial

---

**10.** *See id.* at pp. 31, 35.

reorganization of the business would be impeded by a transfer to where the business was physically located as opposed to where the people who managed the company and its finances were located. In the case pending before this court, the economic administration of the estate would be promoted by a transfer to California. It does not automatically follow that venue must be retained where the principals are located. If the presence of the part-time executives, who are also involved in the other Buttes businesses, is necessary, they suffer only minor inconvenience in traveling to California. *See In re Old Delmar Corp.,* 45 B.R. 883, 885 (S.D.N.Y.1985).

Under this category, the presence of affiliates can be considered. *See, e.g., In re Waits,* 70 B.R. 591, 595 (Bankr.S.D.N.Y. 1987); *In re Kona Joint Venture I, Ltd.,* 62 B.R. 169, 173 (Bankr.D.Haw.1986). In the pending matter, the relationship between Pope Vineyards and the other Buttes debtors must be considered. Pope Vineyards is a wholly owned subsidiary. It is the only Buttes company in the grape growing or wine making industry. The other concerns are energy related companies. The cases have not been consolidated in the bankruptcy court. The corporations are kept separate with separate assets and creditors. Pope Vineyards is thus an independent concern. Because of the nature of its business, Pope Vineyards must be administered in the court closest in proximity to the real estate asset and the bulk of its creditors. In this way, economic administration will be effected.

In addition, severing the Pope Vineyards case from Houston may also result in faster reorganization for this debtor. Were it to remain in Houston, it is most likely that the affairs of this debtor will be ensnared in the complex reorganization litigation in the Buttes cases. Such a result would be contrary to efficient administration of this estate.[11]

After hearing the testimony and considering the pleadings in the case, it is clear that efficient administration of the estate would be promoted by a transfer to the Northern District of California.

(6) *The necessity for ancillary administration if bankruptcy should result.*

It is unlikely that liquidation will occur in this case. This debtor has worked out most of its financial difficulties and remains at odds with only a few major creditors.[12] The debtor also has potential investors.[13] Thus, this factor is not of major importance. However, in the unlikely event of liquidation, the case would best be pending where the assets are located. *See In re Old Delmar Corp.,* 45 B.R. 883, 885 (S.D.N.Y.1985).

## CONCLUSION

Careful consideration of the facts in this matter and the relevant law have been undertaken. The movant has succeeded on its burden of proof. On the widely accepted factors relevant to a determination on transfer of venue, a transfer is mandated in this case. The creditors are closer in proximity to a California court. No creditors, except another Buttes subsidiary, are located in Texas. The debtor and its witnesses necessary to the administration of this estate are more conveniently available to that forum than to this one. The location of the assets is an important factor in this case and on these facts, this factor speaks clearly for a transfer to California. This estate will be administered more economically and efficiently in the Northern District of California. And in the remote case of a liquidation, the Northern District of California court should administer the case.

Therefore, in the interests of justice and for the convenience of the parties, as those terms have been defined in the relevant case law, the venue in the Pope Vineyards case should be transferred to the Bank-

11. *See id.* at pp. 101–02.

12. *See id.* at pp. 47–48.

13. *See* testimony of Mr. Michael Tims, *id.* at p. 126–27. Mr. Tims testified it would not detract from the investors' interest if the case were transferred to California.

ruptcy Court for the Northern District of California.

An order effecting the transfer has issued.