**In re Francis X. WEBER, Debtor.**

**Bankruptcy No. 90–31652–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 7, 1990.

**442**

Kevin R. Huennekens, Richmond, Va., for debtor.

Ruth A. Gibson, Norge, Va., Chapter 7 Trustee.

James M. Nolan, Paul M. Black, Mays & Valentine, Richmond, Va., Alan R. Friedman, Mark S. Lafayette, Gold, Farrell & Marks, New York City, for creditor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court upon the motion of William M. Joel, a creditor of the debtor, to transfer the case to the Eastern District of New York. Joining in the motion are North Fork Bank & Trust, Manufacturers Hanover Trust Company, and Ruth Gibson, the Chapter 7 trustee. Finding that substantial justice and the convenience of the parties would be served, the Court directs that this case be transferred pursuant to Joel's motion.

### FINDINGS OF FACT

Francis X. Weber ("debtor"), a resident of the state of New York, was employed by William M. Joel ("Joel") as business manager from 1980 until 1988. The debtor's financial troubles, stemming from litigation surrounding his relationship with Joel and the debtor's business dealings, resulted in the debtor's Chapter 7 bankruptcy filing in the Eastern District of Virginia, Richmond Division, on May 24 1990. Shortly following the filing, Joel moved pursuant to 28 U.S.C. §§ 1208 and 1214 to transfer venue to the Eastern District of New York. A hearing was held on Joel's motion on August 6, 1990.

At the hearing on Joel's motion, the Court heard testimony and received evidence bearing on Joel's two main points: 1) that the debtor's main business contacts, personal residence, and personal assets were located, for the most part, in New York; and 2) that the debtor's connections to Virginia were limited to a disputed partnership interest in Plaza One Associates ("Plaza One"), a Virginia limited partnership currently operating as debtor-in-possession under 11 U.S.C. § 1101 et seq., in the Eastern District of Virginia, Richmond Division.

The testimony of the witnesses and the debtor indicated that the debtor's personal residence, books and records, personal attorney and accountants and most of his assets were located in New York. By far the debtor's largest asset, an interest in a

pension plan worth over $470,000, is located in New York. The debtor has claimed exemptions in this asset and other assets pursuant to New York exemption law. Several objections to the debtor's claim of exemptions have been filed.

Moreover, the Chapter 7 trustee in this case, Ruth Gibson, testified that the debtor engaged in transfers with respect to the sale of his former home and financing of a new home which may constitute fraudulent conveyance actions involving New York law. According to Gibson, it would be necessary to engage New York counsel to prosecute such actions.

A great deal of testimony was devoted to the issue of whether the debtor retained an interest in the Plaza One limited partnership at the time the debtor filed bankruptcy. Joel presented the partnership agreement, dated May 4, 1988, which indicated that the debtor's limited partnership interest was converted to a general partnership interest. This general partnership interest was terminated as indicated by the fourth amended partnership certificate dated April 25, 1990, prior to the debtor's bankruptcy filing. The bankruptcy schedules of Plaza One also indicated that the debtor had no interest in Plaza One.

The debtor contended that most of its unsecured creditors were in Virginia, and that most of the limited partnerships and corporations in which the debtor had an interest were located in places other than New York. The debtor's evidence did not establish the amount of the unsecured indebtedness arising in Virginia and the debtor's schedules, admitted into evidence, are not helpful in this regard as most of the unsecured debt is listed as unliquidated, contingent and disputed. Additionally, the value of many of the debtor's corporate and partnership interests located in Virginia, including GFR Associates, RWS Associates, Plaza One and Jefferson Equities Corp., were listed in the debtor's schedules as having a value of one dollar each. Finally, the debtor contended that the he was a limited partner in Plaza One at the time of his bankruptcy filing, and that venue was appropriate under 28 U.S.C. § 1408.

## CONCLUSIONS OF LAW

The sole issue for the Court's decision is whether this case should be transferred to the Eastern District of New York. The statutes applicable in this case are 28 U.S.C. §§ 1408 and 1412. Section 1408 provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district for the district—

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. This section sets forth the venue which is permissible in bankruptcy cases. The debtor relies primarily upon subparagraph (2) of this section, alleging that its interest in Plaza One provides adequate grounds for proper venue.

The other relevant section is § 1412, which provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412. This section provides that even when venue is permissible, the Court may transfer venue to another district for the convenience of the parties and where justice requires. *See In re Pope Vineyards*, 90 B.R. 252, 255 (Bankr.S.D.Tx. 1988). The transfer of venue pursuant to this section is within the sound discretion of the Court. *Id.*

■ The sole thread upon which the debtor bases venue in this court is his interest in Plaza One, a Virginia limited partnership which is currently operating as a Chapter 11 debtor-in-possession in this district. Pursuant to § 1408, venue is proper in a district where a debtor's partnership is in bankruptcy. The issue then becomes the extent of the debtor's relationship with the partnership. A great deal of evidence, most of it conflicting, was presented upon the issue of the cessation of all of the debtor's partnership interest in Plaza One prior to the filing of his bankruptcy case. The evidence indicates that the debtor had terminated his partnership interest in Plaza One Associates prior to the debtor's bankruptcy filing.

■ However, this Court need not reach its decision based on that finding, as it is quite apparent that a transfer of venue pursuant to 28 U.S.C. § 1412 would be in the interest of justice and for the convenience of the parties. Substantially all of the debtor's assets, his residence, attorney, accountant and books and records are located in New York. With respect to a Chapter 7 liquidation case, these are the important contacts, for a trustee will require ready access to these instrumentalities to effectively administer the estate. By contrast, the assets of the debtor in Virginia, consisting primarily of the debtor's limited partnership interests, appear to be of nominal importance to the liquidation of the estate. The debtor's asserted interest in furniture and fixtures in the Jefferson Sheraton Hotel through a nine percent interest in Jefferson Properties is claimed by him to have a value of $12,000. However, that interest in Jefferson Properties is the subject of a lawsuit by Manufacturers Hanover Trust Company. Thus, it would appear that the value of the property subject to liquidation by the Chapter 7 trustee in Virginia pales in comparison to the value of property subject to liquidation elsewhere.

Furthermore, New York law will inevitably play a large role in the administration of the estate. Potential fraudulent conveyance litigation would require New York counsel and the application of New York law. Gibson's testimony indicated that this no-asset case could become an asset case if a potential fraudulent conveyance action proved meritorious. The significance of this factor to the liquidation of the estate is evident. Moreover, the debtor has claimed the bulk of his exemptions under New York law. Several objections have been filed to the debtor's claim of exemptions and the adjudication of these objections will invariably require an application of New York law.

Finally, it is notable that in connection with litigation concerning two of the debtor's Virginia business interests, an affidavit signed by the debtor states "RWS Associates and Jefferson Equities Corp. prefer New York as a forum because of the convenience to us with regard to records and witnesses." The debtor cannot claim otherwise in the instant proceeding.

Consequently, as the number and significance of the debtor's contacts in New York greatly outweigh the debtor's contacts in Virginia, transfer to the Eastern District of New York would be in the interests of justice and for the convenience of the parties. Accordingly, the Court transfers this case to the Eastern District of New York.

An appropriate order will issue.